SAMPSON B. RAWLINGS

v.

THE VILLAGE OF CERRO GORDO.

*Municipal Corporations—Hawkers and Peddlers—Agents and Canvassers—Licenses—Sec. 63, Chap. 24, R. S.—Practice—Finding by this Court.*

1. Canvassing or taking orders for books, pictures, etc., is not peddling or hawking within the meaning of the statute authorizing municipal corporations to license or prohibit the same.

2. An ordinance providing that a person engaged in canvassing or taking orders shall be required to take out a peddler's license, is void.

[Opinion filed November 23, 1889.]

APPEAL from the Circuit Court of Piatt County; the Hon. E. P. VAIL, Judge, presiding.

Messrs. S. R. REED and H. H. CREA, for appellant.

Mr. W. C. JOHNS, for appellee.

WALL, J.    The village of Cerro Gordo ordained:

"Section 1.   No person shall attempt to sell, or sell any goods, articles or things (except farm products offered for sale by the producer thereof) by peddling, hawking or public outcry, or at any temporary or uninclosed stand or place of business, without obtaining a peddler's license therefor, under a penalty of five dollars for each offense; provided, that the village trustees may in their discretion, by vote or resolution, exempt any person, having been a *bona fide* resident of the village for six months, from the provisions hereof, or may order license to be granted to such person at a lower rate than is hereinafter specified.

"Section 2.   Every person canvassing or taking orders for books, pictures, publications or other articles, shall be deemed within the scope of this division and be required to take out a peddler's license; if, however, no license was taken out by the canvasser, the article shall not be delivered without a peddler's license; provided, that regular commercial travelers employed by wholesale houses and selling staple articles to merchants of the village, shall not be deemed to be within the meaning of this section."

The authority to pass this ordinance must be found, if it exists, in Chap. 24, Sec. 63, par. 41 and 96, which read thus: "The city council in cities, and the president and the board of trustees in villages, shall have the following powers:

"Forty-first.   To license, tax, regulate suppress and prohibit hawkers, peddlers etc., and to revoke such license at pleasure."

"Ninety-six.   To pass all ordinances, rules and make all regulations proper or necessary to carry into effect the powers granted to cities or villages, with such fines or penalties as the city council or board of trustees shall deem proper; provided, no fine or penalty shall exceed $200, and no imprisonment shall exceed six months for one offense."

The question is whether the statute supports the second section of the ordinance. By that section the village undertook to say that persons canvassing or taking orders for books, pictures, publications or other articles should be deemed peddlers. Bouvier's Law Dictionary, Vol. 2, page 323, defines peddlers thus: "Persons who travel about the country with merchandise for the purpose of selling it." Webster's definition is, "A traveling trader; one who carries small commodities about on his back or in a cart or wagon and sells them." We are of opinion that the business aimed at by the second section of the ordinance can not be termed peddling, and that persons so occupied are not peddlers. It may be that there would be as much reason for requiring a license in the one case as the other and there may be many occupations which should be taxed by means of a license as well as peddlers, but that is beside the question. The power of the village is to be found in the provision of the statute and the authority thereby conferred can not be exceeded. "Any fair, reasonable doubt concerning the existence of power is resolved by the courts against the corporation and the power is denied." 1 Dillon on Municipal Corporations, Secs. 55 and 251; Magor v. Cincinnati, 1 O. St. 268. It follows that said section is void for want of power in the village to enact it.

The appellant was charged with selling groceries and dry goods by peddling and hawking without license. The proof was that he went about carrying samples of sugar, tea, coffee, etc., in a sample case, taking orders for goods addressed to a mercantile house in Chicago by whom the orders were to be filled and the goods sent per express C. O. D. to the persons giving the orders. The appellant represented himself as the agent of the Chicago house. This is not peddling nor hawking and unless section No. 2 of the ordinance is valid the offense charged was not made out.

The case was tried by the court without a jury, and certain propositions of law taking in substance the view above stated were submitted to the court to be held as the law of the case. But the court refused to so hold and finding appellant guilty

imposed a fine of $10 and costs. In so doing we think the court erred. The judgment will therefore be reversed.

*Judgment reversed.*

The clerk will incorporate in the final order a special finding of fact by this court that upon the evidence as contained in the record appellant was not guilty of the offense of peddling and hawking as charged in the amended complaint.