# W. H. EMMONS

*v.*

## THE CITY OF LEWISTOWN.

*Filed at Springfield March 31, 1890.*

1. HAWKERS AND PEDDLERS—*defined.* The word "peddler" embraces all persons going through a city or place, from house to house, and selling commodities. A "hawker" is one who carries merchandise from place to place, for sale, as opposed to one who sells at an established shop.

2. SAME—*book canvasser—whether a hawker or a peddler—power of municipal corporations.* A canvasser for books or periodicals, in a city, by going from house to house, is neither a hawker nor a peddler, within the meaning of those words, as used in paragraph 4, of section 36, chapter 24, of the Revised Statutes, in giving power to tax, license and regulate hawkers and peddlers.

3. Paragraph 41, section 36, chapter 24, of the Revised Statutes, which gives to the authorities of cities and villages the power to license, tax, regulate, suppress and prohibit hawkers, peddlers, etc., and to revoke such license at pleasure, confers no power to pass an ordinance prohibiting persons from canvassing from house to house, and on the streets, for the sale of books and periodicals, taking orders for their future delivery.

APPEAL from the Circuit Court of Fulton county; the Hon. JOHN C. BAGBY, Judge, presiding.

Mr. H. W. McMasters, for the appellant.

Messrs. Gray & Waggoner, for the appellee.

Mr. Chief Justice Shope delivered the opinion of the Court:

The appellant, a resident of Logan county, in this State, was engaged in the city of Lewistown in canvassing and taking orders for the sale of religious books and bibles published by the Historical Publishing Company of St. Louis, Missouri,— the books so ordered to be paid for when delivered,—and while so engaged as agent of such company, appellant was arrested and brought before a magistrate, and tried upon the charge of violating ordinance No. 45 of said city.   That ordinance provides :

"Any person or persons, or corporation, who shall, within the limits of said city, without first procuring a license therefor, exercise or carry on, either directly or indirectly, the trade, business, occupation or employment of auctioneers, peddlers, hawkers, canvassers of books, maps or other publications, canvassers, vendors or solicitors of or for any medicine, invention, or other articles of merchandise to be sold, or taking orders therefor, on the streets or from house to house; or who shall set up, manage, give, hold or conduct a circus exhibition, menagerie, equestrian performance, musical or minstrel party, or concert, theatrical or ballet troupes and combinations, exhibitions of wire dancing, puppets, wax figures, paintings, statuary, machinery, tricks of legerdemain, magic lantern exhibitions, skating rink, or any other exhibition, show or amusement for gain or profit, or where pay for admittance is required, shall, on conviction thereof, forfeit and pay, for the use of said city, not less than $10 nor more than $200 for each offense:   *Provided,* the fine shall not in any case be less than would have been required for a license:   *And provided, also,* that no license shall be required for the sale of articles that are exempt from license by the statutes of

the State of Illinois, or for orders and sales at wholesale by drummers."

It was admitted on the trial that appellant, at the time of his arrest, was soliciting and taking orders for books issued or published by his principal, on the streets and from house to house, within the limits of said city, and without having procured a license therefor from the city authorities. The trial resulted in the imposition of a fine and costs. On appeal to the circuit court of Fulton county the cause was re-tried, resulting in a judgment against appellant for $10 and costs. From this judgment appellant has prosecuted his appeal to this court.

It is here insisted, that as the defendant below was the agent of a publishing house located in the State of Missouri, and, in the acts complained of as being in violation of said ordinance, was engaged in the business of his non-resident principal, the ordinance, when applied to him, interfered with the reserved powers given by the third clause of the eighth section of the first article of the constitution of the United States, to Congress, to regulate commerce "among the several States." Reliance is placed upon the case of *Robbins* v. *Shelby Taxing District*, 120 U. S. 489, as sustaining that contention, and if the ordinance is otherwise valid, it must be conceded that that question is involved. We do not deem it necessary, however, to discuss or determine this question, for the reason that the ordinance must be held invalid, as applied to the class of offenses with which the appellant was charged, upon other, and, to us, more satisfactory grounds.

It is shown that appellant was canvassing from house to house within the city, soliciting subscriptions to certain publications, taking orders therefor, to be paid upon the subsequent delivery thereof. It is not shown that he was carrying such publications, and proposing to sell and deliver the same, or any other goods, wares or merchandise, within said city. That he fell within the prohibition of the ordinance, is not

questioned.    The city of Lewistown is incorporated under the City and Village act, and the authority to pass this ordinance must be found, if at all, in paragraph 41 of section 36 of chapter 24 of the Revised Statutes, which gives the power to the city council, and the president and board of trustees in villages, "to license, tax, regulate, suppress and prohibit hawkers, peddlers, pawnbrokers, keepers of ordinaries, theatricals, and other exhibitions, shows and amusements, and to revoke such license at pleasure."    By a subsequent paragraph of the same section the city council is given power to pass all ordinances, and to make all such rules and regulations as are proper and necessary to carry into effect the powers granted, and to impose penalties.    The power given is to license, tax, regulate, suppress and prohibit "hawkers" and "peddlers," etc., and if it shall be found that "canvassers of books or other publications,  *  *  * on the streets, or from house to house," are not hawkers or peddlers within the meaning of these words as used in the statute, then it is clear that the city council was without authority to pass an ordinance prohibiting such canvassing within the city without first obtaining a license, or imposing a penalty therefor.

It is to be observed that neither the ordinance nor the statute attempts to define who shall be deemed "hawkers" or "peddlers," and we are therefore to determine, from authority, whether appellant falls within these designations.

We said in *City of Chicago* v. *Bartee*, 100 Ill. 61, that the term "peddler," as used in this statute, was to be taken in its general and unrestricted sense, and embraced all persons engaged in going through the city, from house to house, and selling commodities,—in that case, selling milk.    Abbott's Law Dictionary defines a "hawker" to be, "a person who practices carrying merchandise about from place to place for sale, as opposed to one who sells at an established shop.    It is equivalent to peddler, the term now more commonly employed."    The same author quotes from the case of *Common-*

*wealth* v. *Ober*, 12 Cush. 493, as follows: "It is not, perhaps, essential to the idea, but it is generally understood from the word, that a hawker is one who not only carries goods for sale, but seeks for purchasers, either by outcry, (which some lexicographers concede as intimated by the derivation of the word,) or by attracting notice and attention to them as goods for sale by an actual exhibition or exposure of them, by placards or labels, or by a conventional signal, like the sound of a horn in the sale of fish." Tomlin says: "Hawkers, peddlers and petty chapmen" are "persons traveling from town to town with goods and merchandise." Bouvier defines peddlers, "Peddlers—persons who travel about the country with merchandise for the purpose of selling." Webster's definition is, "A traveling trader; one who carries small commodities about on his back, or in a cart or wagon, and sells them."

This list of definitions might be extended almost indefinitely, but enough has been given to show both the legal and popular meaning of the words "hawker" and "peddler." It has never been understood, either by the profession or the people, that one who is ordinarily styled a "drummer,"—that is, one who sells to retail dealers or others by sample,—is either a hawker or a peddler; and the same is true in respect of persons who canvass, taking orders for the future delivery of books and periodicals or other publications. It is a fundamental canon of construction, that the legislature must be presumed to have used these words in their known and accepted signification, and intended thereby to confer upon city and village authorities power to license, regulate and prohibit only such callings and vocations as might fall within the terms employed in the act as thus known and understood. To concede that the power of the city to license, tax or regulate the canvassing for books or publications within the city is doubtful, is to deny the power. "Any fair, reasonable doubt concerning the existence of power is resolved against the corporation, and the power is denied." 1 Dillon on Mun. Corp. 55-251.

While it must be conceded that the evil resulting from the method of canvassing from house to house may be great,—indeed, as great as that resulting from the vocations authorized by the statute to be taxed and regulated, and, indeed, may be even greater,—yet, if the legislature, as we are constrained to hold, has not conferred upon cities and villages the power to tax or regulate the same, if relief is to be obtained, resort must be had to the legislative department of the State.

We are of opinion that so much of the ordinance as prohibits canvassing for books and publications in said city without obtaining a license therefor is void, for want of power in the city authorities to ordain the same, and appellant, not falling within the designation of a "hawker" or "peddler," was not amenable to prosecution under the valid portions of said ordinance.

The judgment of the circuit court is therefore reversed.

*Judgment reversed.*

SCHOLFIELD and BAILEY, JJ.: We concur in reversing the judgment below, upon the ground that the ordinance is in conflict with the constitution of the United States, as held in *Robbins* v. *Shelby Taxing District,* 120 U. S. 489.