## BERNHEIMER v. CITY OF LEADVILLE.

1. POWER OF MUNICIPAL CORPORATIONS TO LICENSE.— The authority of municipal corporations to grant licenses for occupations carried on within their limits exists by force of the statute alone, and they cannot legally exact license fees from those engaged in business pursuits not included or covered by the statute.

2. AN INSURANCE AGENT IS NOT AN INSURANCE BROKER.— An insurance agent employed by one company to represent it in soliciting applications for insurance, with authority to write and issue policies, is not an insurance broker, nor subject to a city ordinance requiring insurance brokers to pay a license fee.

*Error to County Court of Lake County.*

Messrs. S. D. WALLING and J. R. MOSBY, for plaintiff in error.

Messrs. J. D. FLEMING and CHAS. H. WENZELL, for defendant in error.

PATTISON, C.   It appears from the record in this case that on September 2, 1885, plaintiff in error was arrested for the violation of section 10, chapter 11, of an ordinance of the city of Leadville.   The offense charged was that plaintiff in error "did engage in, pursue and carry on the business and occupation of an insurance broker, without first having obtained a license from the city of Leadville, as required by the ordinances," etc.   He was duly tried by the police magistrate, adjudged to be guilty, and fined $13 and costs.   Subsequently, upon appeal to the county court of Lake county, a new trial was had, and he was again convicted, and a fine of $5 and costs was imposed. A review of this judgment is sought in this court.

The proceeding was had under section 10 of an ordinance entitled " An ordinance for compiling the general ordinances of the city of Leadville," adopted January 2, 1885.   By this section the amount of the license fees is fixed which are required to be paid to the clerk of that city, for the privilege of exercising certain trades and avocations.   The part of the section presented for consideration reads as follows: " The several amounts to be paid to the said clerk for licenses imposed by the said council upon the applicant shall, in addition to the fee for issuing the same of fifty cents, to be paid to the city clerk, be as follows [among others]: Insurance brokers, $50 per annum."   To enforce the ordinance it was provided that, upon conviction for a violation of its provisions, a fine of not less than $5 nor more than $200 should be imposed, etc.   Was plaintiff in error subject to this provision?

The city of Leadville was organized under the statute relating to towns and cities which was in force in 1877. The office performed by the provisions of that and similar statutes is clearly and well defined. These statutes confer upon communities within this state authority to exercise the powers of municipal corporations upon compliance with their provisions. When the necessary steps have been taken to secure the privileges and franchises offered by the law, and proper proof has been made of compliance therewith, then such community becomes a municipal corporation, and is authorized to exercise all the powers, rights, franchises and privileges particularly mentioned in the act under which the organization was perfected.

It is a well-settled elementary principle that the charter of a municipal corporation, or, if organized under a general law, that such general law, is the instrumentality by means of which the legislature of the state delegates to the municipal body the right to exercise such franchises, and such legislative power and authority, as may be essential to the safety, well-being and prosperity of the community. It is equally well settled that the charter or the law by which the municipal body is created is to be strictly construed, and that no powers are to be exercised except those which are expressly conferred, or which exist by necessary implication. This principle of law is expressed with extraordinary clearness in 1 Dill. Mun. Corp. § 89: "It is a general and undisputed proposition of law that a municipal corporation possesses and can exercise the following powers, and no others: *First*, those granted in express words; *second*, those necessarily or fairly implied in, or incident to, the powers expressly granted; *third*, those essential to the declared objects and purposes of the corporation,— not simply convenient, but indispensable. Any fair, reasonable doubt concerning the existence of power is resolved by the courts against the corporation, and the

power is denied. Of every municipal corporation the charter or statute by which it is created is its organic act. Neither the corporation nor its officers can do any act, or make any contract, or incur any liability, not authorized thereby. All acts beyond the scope of the powers granted are void." Of the power to license, it is needless to say that it exists perforce of the statute alone.

To determine whether plaintiff in error could be required to pay a license fee, a review not only of the statute of 1877, but other legislation had in relation to the authority of cities and towns to license, regulate and control business of the nature of that carried on by him, may be instructive. Subdivision 21, section 1, article 3, chapter 84, of the territorial laws relating to towns and cities, expressly conferred upon the board of trustees of such towns and cities the right to "license, tax and regulate commission merchants, innkeepers, brokers, money brokers, insurance agents, auctioneers, hawkers," etc. This chapter of the territorial laws was expressly repealed in 1877 (Gen. Laws 1877, § 2745).

Sections 2654 and 2655 of the General Laws of 1877 define the powers of towns and cities organized under the new act. Authority to license, etc., is expressly conferred by subdivisions 13–16, 28 and 61 of section 2655. It is unnecessary to recite any of these subdivisions except the sixty-first. It reads as follows: "To tax, license and regulate auctioneers, distillers, brewers, lumber yards, livery stables, public scales, money changers, and brokers: provided that the exercise of their powers shall not interfere with the sales made by sheriffs, constables, tax collectors, * * * or any other person required by law to sell real or personal property at auction." It will be observed that by this provision no authority is expressly conferred to license an "insurance agent." By the territorial law express authority was granted to license such agents. The provisions of the

General Laws of 1883 in respect to the power to license are the same as those of 1877, and need not be recited. The use by the territorial legislature of the phrase "insurance agents," and also the word "brokers," indicates that in the judgment of that body the two were not synonymous in meaning, and that the word "broker" did not include insurance agents. The subsequent action of that body in striking out the phrase "insurance agents" shows an intent to withdraw the authority previously conferred as to this class of persons.

But, discarding for the present the foregoing consideration, we are of the opinion that under the authority to license brokers a license fee could not be exacted from plaintiff in error. As has already been shown, defendant in error was without express authority to license an "insurance agent." It necessarily follows that if plaintiff in error was an insurance agent within the meaning of the law, and such agency be not covered by the term "broker," he was not subject to the provisions of the ordinance, and that the proceeding against him was unauthorized.

By the agreed statement of facts submitted to the court below the question of plaintiff in error's capacity is relieved of all doubt and difficulty. It appears that "said Bernheimer was duly authorized and commissioned by the commission of said company [the Travelers' Life and Accident Insurance Company], issued to him under the hands of the proper officers and the seal of said company, within certain territory, in said commission described, including the territory within the corporate limits of the said city of Leadville, in said county and state, to solicit and receive, as agent of said company, applications for insurance and policies of insurance to be issued by and in the name of said company, and as such agent to write and issue for and by the authority of, and in the name of, said company, policies of insurance, insuring and in-

demnifying all persons procuring the same, and named in such policies of insurance, against death and accident," etc. Other facts need not be recited. Such an insurance agent is certainly not an insurance broker. In 1 Bouv. Law Dict., brokers are defined to be " those who are engaged for others in the negotiation of contracts relative to property with the custody of which they have no concern." The same author states that " insurance brokers procure insurance, and negotiate between insurers and insured."

In Anderson's Dictionary of Law an "insurance broker " is defined as " a person who negotiates contracts of insurance. He is agent for both parties. An insurance agent is ordinarily an employee of the insurer only." An insurance agent clothed with the authority of plaintiff in error, as shown by the statement of facts, is not regarded as the agent of the insured.

It is unnecessary for the purposes of this case to define the office of an insurance broker. It is sufficient to say that he usually acts for both parties; he represents no particular company; he is employed for a specific purpose. It is his business to act upon particular occasions. Plaintiff in error was the acknowledged agent and representative of a particular company. He was acting under a commission issued to him under the hand and seal of the Travelers' Life and Accident Insurance Company. He was the representative of that company within a particular district. He was authorized not only to take applications for insurance, but in the name of the company to make contracts of insurance and issue policies. The company was bound by his acts. It can hardly be said that, in the conduct of this business, plaintiff in error was the agent of such citizens as might apply to him for insurance. He was not an insurance broker, within the purview of the statute.

Further discussion is unnecessary. The ordinance in

question was not applicable to him. The proceeding was therefore unwarranted. The judgment of the court below should be reversed.

REED and RICHMOND, CC., dissenting.

PER CURIAM. For the reasons stated in the foregoing opinion the judgment is reversed.

*Reversed.*