## I. C. DELISLE
### v.
### CITY OF DANVILLE.

*Municipal Corporations—Ordinance—License—Peddler.*

In an action brought for the violation of a municipal ordinance prohibiting the peddling of goods without a license, this court holds that the ordinance in question was broad and more extensive than the city in question was entitled to pass, and that the judgment against the defendant can not stand.

[Opinion filed May 24, 1890.]

APPEAL from the Circuit Court of Vermillion County; the Hon. C. B. SMITH, Judge, presiding.

Messrs. H. P. BLACKBURN and G. F. REARICK, for appellant.

A peddler is a traveling foot trader; one who carries about small commodities on his back, or in a cart or wagon, and sells them.—Webster's Dictionary.

A peddler is a person who travels from place to place and carries about with him on his back, on horseback, or in a vehicle, articles of merchandise for sale.—Anderson's Dictionary of Law.

A peddler is a person who travels about the country with merchandise for the purpose of selling it.—Bouvier's Law Dictionary.

In Commonwealth v. Ober, 12 Cush. 493, Shaw, C. J., said: " The leading primary idea of a hawker and peddler is that of an itinerant or traveling trader, who carries goods about

in order to sell them, and who actually sells them to purchasers, in contradistinction to a trader who has goods for sale and sells them in a fixed place of business."

Jacobs' Law Dictionary: Hawkers, peddlers and petty chapmen, are such persons as travel from town to town with goods and merchandise. The term "hawkers" seems to grow from their uncertain wandering, like persons with hawks seek their game where they can find it.

From these definitions we gather that, to constitute a peddler, three elements are essential: 1st. Itinerancy. 2d. A carrying of the goods with him for sale. 3d. A selling or an offering for sale.

A resident of a place, selling goods in that place, though he go from house to house, is not an itinerant. The traveling contemplated by the above definitions is a traveling or roving from town to town. The word peddler conveys the idea of a roving, unsettled person—one whose business has no fixed *situs*. Every definition given above, and every definition we have been able to find, carries with it the idea of the persons carrying his goods with him. And there must be a sale or an offering to sell. In 24 Ill. App. 340, City of Elgin v. Picard, the Appellate Court say that soliciting orders is not a selling or offering for sale. And, further, it seems to us that to put the construction on these facts that they constitute peddling, is against public policy. It is well known that retail grocers and other merchants everywhere send out a clerk to take orders and to wait upon customers at their homes. It is an unreasonable regulation that they should not be allowed to do this without taking out a license. Such a regulation ought to be held void as in restraint of trade. It is a regulation for which no necessity exists. It is virtually a tax imposed on enterprise.

The purpose of creating the power given to cities is twofold. First, to prevent nuisances; second, to raise revenue. This case calls for no exercise of this power on either ground. The act complained of is not a nuisance. The defendant is a *bona fide* resident merchant, and his goods are in a store room, subject to taxation as all other personal property in said city. The Supreme Court of Iowa have decided exactly this same

Delisle v. City of Danville.

question in a case where the power in the charter and also the ordinance were the same as in this case. Rothrock, J., in the opinion, says: "The establishment represented by the defendant had its operators where its goods were exposed for sale, and where they actually were sold, and the solicitation of orders for goods by sample was in no sense peddling." City of Davenport v. Rice, 39 N. W. Rep. 191; citing Town of Spencer v. Whiting, 68 Iowa, 678; 28 N. W. Rep. 13; and Com. v. Farnum, 114 Mass. 267.

In Rex v. McKnight, 10 Barn. & Cress. 734, it was held that one who took orders for tea, and subsequently delivered them, was not guilty of a "carrying to sell," within the provisions of the English statute. Reported in Vol. 21 Eng. Com. Law Rep. p. 310.

In the City of Elgin v. Picard, the ordinance did not provide against "soliciting."

The defendant in that case solicited orders for shirts, took measures, etc., exhibiting a sample for his principal, who lived in Chicago. The court there say that the soliciting and taking orders is not equivalent to selling, offering for sale, bartering or exchanging any goods, wares, merchandise, or other articles of value. City of Elgin v. Picard, 24 Ill. App. 340.

In City of Chicago v. Bartee, 100 Ill. 57, it was held that a person selling milk from house to house in small quantities, is a peddler. This opinion was rendered by a divided court, and it was not clear whether in that case the question was raised that the defendant was a *bona fide* resident of Chicago. However, in that case, the defendant clearly *carried his goods about with him for sale.* In which respect it differs very materially from the case at bar.

We hold that the soliciting of orders by sample or otherwise, by a *bona fide* resident merchant, is not peddling, and that the facts in this case do not show the defendant to have been a peddler, and that therefore he was not liable to the city ordinance.

Mr. GEORGE G. MABIN, for appellee.

*Per Curiam.* This cause of action was brought against

appellant for violation of Sec. 1 of Chap. 24 of the Revised Ordinances of the city of Danville, entitled "Peddlers," in words and figures following, to-wit: "Section 1.  The selling of goods, wares, merchandise or other articles, or offering of the same for sale by any person transiently or temporarily in the city for the purpose of selling or disposing of the same at retail, whether in any room or building as a temporary place of business or at any stand, uninclosed place, or other place of any kind, and the selling of goods, wares, merchandise or other articles of value or the offering of the same for sale at retail, or the soliciting the sale of any book or other article by sample or otherwise, for future delivery, at retail, by any person traveling or going about from place to place within the city, on foot or in a vehicle of any kind, or whether such person resides or does business within said city or not, shall be deemed peddling, and the person so engaged in such selling or offering to sell as aforesaid, shall be deemed a peddler, and subject to the provisions of this chapter.

"Section 2.  Whoever shall peddle or attempt to peddle goods, wares, merchandise or other articles of value without first obtaining a peddler's license, shall be fined not less than $5 nor more than $100, for each offense."

It is admitted that appellant, by his agent, James M. Shelby, went from house to house soliciting and taking orders for the goods of appellant in his store, and afterward delivered said goods by said agent, within said city; that neither the appellant nor his agent had a license or permit to solicit or take orders in said city, under this ordinance; and upon the above state of facts appellant was fined, and brings the case here for review.

We are of opinion that the ordinance under which appellant was convicted was broad and more extensive than the city council had power to pass.

We had occasion in the case of Sampson B. Rawlings v. The Village of Cerro Gordo, 32 Ill. App. 215, to express our views at length upon this question, and it is therefore unnecessary to repeat them.  See, also, Emmons v. City of Lewistown, filed March 31, 1890.

The judgment of the court will be reversed.

*Judgment reversed.*