THE VILLAGE OF CERRO GORDO

*v.*

SAMPSON S. RAWLINGS.                          36:21 LRA 7:

*Filed at Springfield November 1, 1890.*

1. PEDDLERS—*who regarded as peddlers—of persons soliciting orders.*
Certain village authorities adopted an ordinance prohibiting "peddling,
hawking," etc., without obtaining a peddler's license; and the ordi-
nance further provided, that persons canvassing or taking orders for
books, pictures, publications or other articles, should be deemed within
the prohibition, and be required to take out a peddler's license.

2. Upon a prosecution under the ordinance, it was shown that the
defendant went about the village carrying a case containing samples
of sugar, tea, coffee, etc., and that he took orders for goods, addressed
to a certain business firm at another place, by whom the orders were to
be filled and the goods sent by express, C. O. D., to the persons giving
the orders, and the person so soliciting the orders represented that he
was the authorized agent of that firm : *Held,* that this mode of doing
business did not constitute the defendant a peddler, and could not be
required to take out a license as such.

APPEAL from the Appellate Court for the Third District;—
heard in that court on appeal from the Circuit Court of Piatt
county; the Hon. EDWARD P. VAIL, Judge, presiding.

Mr. W. C. JOHNS, for the appellant:

The General Assembly has power to tax peddlers, hawkers,
etc., in such a manner as it shall, from time to time, direct,
by general law, uniform as to the class upon which it oper-
ates.    Const. art. 9, sec. 1.

The city council in cities, and the president and board of
trustees in villages, shall have the following powers :

"*Forty-first*—To license, tax, regulate, suppress and prohibit
hawkers, peddlers, etc., and to revoke such license at pleasure.

"*Sixty-sixth*—To regulate the police of the city or village,
and pass and enforce all necessary police ordinances.

"*Ninety-sixth*—To pass all ordinances, rules, and make all regulations proper or necessary to carry into effect the powers granted to cities or villages, with such fines or penalties as the city council or board of trustees shall deem proper: *Provided,* no fine or penalty shall exceed $200, and no imprisonment shall exceed six months for one offense." Rev. Stat. chap. 24, sec. 62.

Having power to regulate peddlers and pass necessary police ordinances, the village could adjust, by rule, the actions of peddlers, direct them by rule or restriction, or subject them to governing principles or laws. Definition "Regulate," Webster's Dictionary.

The term "peddler" is used in the charter in its general and unrestricted sense. *Chicago* v. *Bartee,* 100 Ill. 57.

The ordinance can be and ought to be sustained under the police power of the State, delegated by paragraph 66 to the village, as well as under paragraph 96, for the first mentioned division does not refer alone to the regulations for police, but to the exercise of the police power of the State. *McPherson* v. *Chebanse,* 114 Ill. 50.

The police regulations may differ from those of the statute upon the same subject. (Cooley's Const. Lim. 198.) And the power to establish them may be delegated to a municipal corporation.

An ordinance or regulation conferring privileges upon certain classes of business undertakings or occupations, and taxing them, is not void for its partiality or unfairness, or because unreasonable, provided it operates alike upon the same class. *Shaw* v. *Poynter,* 4 N. & M. 280 ; 2 A. & E. 312 ; *Jones* v. *Walters,* 1 Gale, 5 ; *Shaw* v. *Rope,* 2 B. & A. 462 ; *Simson* v. *Moss,* id. 543 ; *Robinson* v. *Magor,* 34 Am. Dec. 639 ; *Sacramento* v. *Crocker,* 16 Cal. 19 ; *Express Co.* v. *St. Joseph,* 66 Mo. 575 ; *Home Ins. Co.* v. *Augusta,* 50 Ga. 530 ; *St. Louis* v. *Stansberry,* 69 Mo. 289 ; *Lanier* v. *Macon,* 59 Ga. 187.

The following ordinances have been held good:

Prohibiting the keeping open of a place of business for selling goods on Sunday. *McPherson* v. *Chebanse,* 114 Ill. 46.

Requiring a city railway company to make its tracks conform with the requirements thereof, so as to enable vehicles to pass over without inconvenience. *Railway Co.* v. *Lake View,* 105 Ill. 183.

Requiring brewers and distillers to pay a license. *Distilling Co.* v. *Chicago,* 112 Ill. 19.

Regulating burial permits. *Graves* v. *Bloomington,* 17 Bradw. 476.

Declaring the use of steam as a motive power on streets to be a nuisance. *Railway Co.* v. *Lake View,* 105 Ill. 206.

So much of an ordinance as made an assembly of disorderly persons at a picnic a nuisance. *Poyer* v. *Village of Des Plaines,* 18 Bradw. 203.

Prohibiting the sale of milk in small quantities from a wagon without a license. *Chicago* v. *Bartee,* 100 Ill. 57.

Prohibiting the erection and repairing of any building within the fire limits with combustible material, and providing for the summary abatement or removal of the same. *King* v. *Davenport,* 98 Ill. 305.

Prohibiting the running at large of dogs. *Leach* v. *Elwood,* 3 Bradw. 453.

Requiring persons transferring coal in vehicles from places within to places without the city, to be licensed. *Gartside* v. *East St. Louis,* 43 Ill. 47.

Authorizing the mayor to revoke the license, under power to license and regulate. *Wiggins* v. *Chicago,* 68 Ill. 372.

Mr. S. R. REED, Mr. H. CREA, and Messrs. DOOLITTLE, McKEY & TOLMAN, for the appellee:

A village can exercise only such powers as have been delegated, and they are as follows: First, those granted in express words; second, those necessarily or fairly implied in or

incident to the powers expressly granted; and third, those essential to the declared object and purposes of the corporation. *Cook County* v. *McCrea*, 93 Ill. 238; *Petersburg* v. *Metzger*, 21 Iowa, 205; 1 Dillon on Mun. Corp. sec. 55.

The charter of a corporation is the measure of its powers, and the enumeration of those powers implies the exclusion of all others. *City of Cairo* v. *Bross*, 101 Ill. 478; *Thomas* v. *Railroad Co.* 101 U. S. 82; *Minturn* v. *Larne*, 23 How. 435.

Since all the powers of a corporation are derived from its charter, no ordinance or by-law can enlarge, diminish or vary its power. 1 Dillon on Mun. Corp. sec. 251; *March* v. *Commonwealth*, 12 B. Mon. 25; *Mayor* v. *Cincinnati*, 1 Ohio St. 268.

All ordinances of a municipal corporation must be reasonable, impartial, and general in their application. 1 Dillon on Mun. Corp. sec. 253-260. *Tugman* v. *City of Chicago*, 78 Ill. 406; *City of Chicago* v. *Rumpff*, 45 id. 92.

Whatever the extent to which States or municipalities may go in the exercise of police regulations, or in the imposition of occupation taxes, they can not, in respect to either subject, legislate in such manner as to control the inhibitions of the Federal constitution. *Walling* v. *Michigan*, 116 U. S. 446; *Welton* v. *State of Missouri*, 91 id. 275; *Ward* v. *Maryland*, 12 Wall. 418; *Guy* v. *Baltimore*, 100 U. S. 434; *Webber* v. *Virginia*, 103 id. 344; *Brown* v. *Houston*, 114 id. 623; *Marshalltown* v. *Blum*, 58 Iowa, 184; *State* v. *Furbush*, 72 Me. 493; *Salzenstein* v. *Mavis*, 91 Ill. 391.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

The village of Cerro Gordo, organized under the General Incorporation act, passed an ordinance prohibiting "peddling, hawking or public outcry," without obtaining a peddler's license, under a penalty of five dollars for each offense, and further provided that persons canvassing or taking orders for books, pictures, publications or other articles should be deemed

within the prohibition, and be required to take out a peddler's license. Appellee was arrested for a violation of this ordinance, the charge being that he attempted to and did sell groceries and dry goods within said village by peddling or hawking. On a trial before a justice of the peace he was fined five dollars. He appealed to the circuit court of Piatt county, and was again found guilty, and fined ten dollars. He appealed from that judgment to the Appellate Court for the Third District, where the judgment of the circuit court was reversed, but the village was granted a certificate of importance, upon which it prosecutes this appeal. The finding of fact is, "that upon the evidence as contained in the record Rawlings was not guilty of the offense of peddling, as charged in the amended complaint."

The evidence introduced on the trial in the circuit court showed that Rawlings went about the village carrying a case containing samples of sugar, tea, coffee, etc., and that he took orders for goods, addressed to the Q. W. Lovering Co. of Chicago, by whom the orders were to be filled and the goods sent by express, C. O. D., to the persons giving the orders, and he represented that he was the authorized agent of said firm. That this mode of doing business did not constitute Rawlings a peddler, is expressly decided in *Emmons* v. *City of Lewistown,* 132 Ill. 380. We have carefully examined the brief and argument of counsel for appellant, and find no sufficient reason for departing from the views there expressed.

The judgment of the Appellate Court is in harmony with that decision, and must be affirmed.

*Judgment affirmed.*