CITY OF OLNEY

v.

W. J. TODD AND PHILLIP TODD.

*Licenses—Municipal Ordinance—Traveling Salesmen—Peddlers.*

1. A peddler is a person who travels about the country with merchandise for the purpose of selling it—an itinerant vender of small wares which he carries with him for sale.

2. In an action wherein certain defendants were charged with violating a municipal ordinance by peddling in a given city without a license, this court holds that the evidence did not show them to be peddlers, and affirms the judgment in their favor.

[Opinion filed June 26, 1893.]

APPEAL from the Circuit Court of Richland County; the Hon. C. C. Boggs, Judge, presiding.

Mr. R. S. Rowland, for appellant.

Mr. R. B. Witcher, for appellees.

MR. JUSTICE GREEN. Appellees were charged with a violation of a city ordinance of the city of Olney, by peddling in said city without a license. The cause was tried in the Circuit Court, on appeal from a justice's court. By agreement of parties a jury was waived. The court found the issue for defendants, and the city took this appeal.

The evidence establishes the following facts: That appellees were traveling salesmen for "Ross Bros.," wholesale dealers, doing business in Terre Haute, Indiana. That on or about March 25, 1892, one of the Todds, while so employed, came to Olney with samples of lace curtains, exhibited them to various persons, from whom he solicited orders and took orders from three of these persons, each for one pair of curtains. He delivered no goods and was paid no money. The orders were accepted and the curtains were shipped from Terre Haute, via the American Express Company, to Olney, about two weeks thereafter, at which time the other defendant came to Olney, received the goods from the express company, delivered to each of said purchasers the curtains ordered, and took the pay therefor. Two material questions, are submitted to us to determine as we view the case, viz.: Who is a peddler? And were the defendants peddlers within the meaning of the law? A peddler is a person who travels about the country with merchandise for the purpose of selling it; an itinerant vender of small wares which he carries with him for sale; a traveling trader, one who carries small commodities about on his back, or in a cart, or in a wagon, and sells them. In the opinion in Emmons v. Lewiston, 132 Ill. 380, it is said: "It has never been understood by the profession, or the people, that one who is ordinarily styled a "drummer" —that is, one who sells to retail dealers, or others by sample, is either a hawker or peddler." Under the facts proven, neither of the defendants were peddlers within the meaning of the law, and hence had not been guilty of violating said ordinance by reason of any act done by either of them, proven at the trial in the Circuit Court. Cerro

Gordo v. Rawlings, 135 Ill. 36; Emmons v. Lewiston, *supra;* Delisle v. Danville, 36 Ill. App. 659; Rawlings v. Cerro Gordo, 32 Ill. App. 215.

The finding was right, and the judgment of the court below is affirmed.

*Judgment affirmed.*