Wilson, J.,
delivered the opinion of the court.
This appeal is from a judgment assessing a fine against Kennedy, appellant, for a violation of the ordinances of the town of La Junta, by carrying on the avocation of a hawker or peddler therein without first obtaining a license. Defendant admits that he had no license, but claims that his business was not that of a peddler within the meaning of the law. The ordinances, so far as they relate to the questions at issue, are as follows:
“ Sec. 9. Any person or persons who shall pursue the avocation of hawker or peddler within the town of La Junta without first obtaining a license therefor as hereinafter provided shall upon conviction be fined for each and every day he violates this ordinance in a sum not less than ten nor more than twenty-five dollars.
“Sec. 10. Any itinerant person who shall hawk, vend or peddle goods, wares or merchandise, household furniture, clocks, jewelry, gold, silver or platedware, sewing1 machines, spectacles, drugs, nostrums, perfumes or anything, either b}r delivering the goods at the time or by taking orders for the future delivery of the same, or any person who shall offer to vend, hawk or peddle any goods, wares or merchandise, or such other things as are above enumerated in any of the ways above stated, or any person who shall under color or pretense of Iona fide merchants take up a temporary residence in the town of La Junta for the purpose of disposing of their goods, wares or merchandise of whatever kind whether at auction or at retail shall be deemed peddlers within the meaning of this ordinance and shall be required to procure a license to carry on said business and shall pay for said license at the rate of $15.00 per day. All license granted under this section shall be for a specified number of days, and every *492 applicant for such license shall state the kind and aggregate as to value as near as may be of the goods, merchandise or articles desired to be peddled, provided, however, that this ordinance shall not apply to colporteurs selling only bibles or other religious works and shall not include the class of men known as drummers who solicit orders from men in business at their places of business, nor shall this ordinance apply to merchants permanently located in said town selling goods from their delivery wagons regularly sent out from their places of business to take and fill orders.”
Municipal corporations are the creatures of statute, and can exercise only such powers as are expressly conferred upon them or exist by necessary implication. Bernheimer v. City of Leadville, 14 Colo. 520; 1 Dillon on Mun. Corp., sec. 89.
Section 3312, Gen. Stats., specifies the powers granted to the board of trustees of towns, and the authority to license in this instance is found in the thirteenth subdivision thereof. It reads as follows: “To license, tax, regulate, suppress and prohibit hucksters, peddlers, pawnbrokers, keepers of ordinaries, theatrical and other exhibitions, shows and amusements, and to revoke such license at pleasure.”
It will be seen that section 10 of the town ordinances attempts to define specifically what shall constitute a peddler. It is claimed by defendant that this definition enlarges and extends the meaning of the word beyond that in which it was used in the statute, and that, in so far, it is of no effect. It is well settled that the law by which a municipal body is created is to be strictly construed, and also the attempted exercise of authority under such law. If there is any reasonable doubt concerning the power, it is resolved by the court against the corporation. Bernheimer v. City of Leadville, supra.
The legislature intended, by the subdivision of the section above quoted, to empower towns to exact a license as peddlers from such persons only as can be termed such in the signification of the word as there used. If the town council has attempted to enlarge the meaning of this word, as there *493 used, and bring within the terms of the ordinance persons pursuing a business which could not properly be called that of a peddler as the word is used in the statute, such portion of such ordinance is void and of no effect. This principle is not only in accordance with sound reason, but is well settled by the adjudication of the highest courts. Bernheimer v. City of Leadville, supra; Davenport v. Rice, 75 Iowa, 74; Emmons v. Lewistown, 132 Ill. 380; Chicago v. Hulbert, 118 Ill. 636.
The remaining questions are: What is a peddler within the meaning of the statute ? And were the facts in this case sufficient to bring the defendant within the definition ?
It is a fundamental rule of construction that the legislature must have intended to use words in their known and commonly accepted signification. Sutherland Stat. Con., 251.
Webster defines “peddler” to be a traveling trader; one who carries about commodities on his back, or in a cart or wagon, and sells them. Black, Bouvier, Anderson, the Century and Worcester all give substantially the same definition. The dominant and distinguishing idea in all seems to be that to constitute a peddler the trader must be one who carried with him the goods which he sells. This definition is also supported by the highest judicial authorities. Emmons v. Lewistown, supra; Davenport v. Rice, supra; Commonwealth v. Farnum, 114 Mass. 270; Stamford v. Fisher, 140 N. Y. 191; Cerro Gordo v. Rawlings, 135 Ill. 36; De Lisle v. Danville, 36 Ill. App. 660; Commonwealth v. Ober, 12 Cush. 495; Higgins v. Rinker, 47 Tex. 403; 2 Beach Pub. Corp., sec. 1256.
The term “ hawker,” as formerly defined, was an itinerant 'trader, who, like a peddler, carried his goods with him for sale, but also attracted attention, by public outcry or placard or exposure. Now, however, the terms “peddler” and “ hawker ” are considered equivalent and synonymous. Abbott’s Law Diet.
It remains to be considered whether the facts of this case were such as to bring the defendant within the meaning of the term “ peddler ” as above given. There was an agreed *494 statement of facts at the trial, and from this we gather that defendant was the agent of a mercantile company doiug a wholesale and retail business at the city of Trinidad, in this state ; that his employment consisted in selling goods for the company by samples and illustrated catalogue, for which he received a stated monthly salary; that, as such agent, he solicited orders for the future delivery of merchandise in the town of La Junta, and about May 17, 1895, as such agent, delivered a lounge or sofa to a resident of said town and received money therefor, the order for the same having been previously taken by him upon his showing to the purchaser an illustration of the article in a catalogue. It was also agreed that he had sold and delivered a carpet under similar circumstances. It further appears from the statement of facts that defendant took orders, as agent for said company, for future delivery from the residents of said town of La Junta, and carried his samples with him in a wagon, both samples and wagon being the property of his employers, and that the goods sold by him were shipped by his employers by railroad to the town, and there delivered by him to the person to whom he had previously sold. Upon this statement of facts it is very clear that the defendant was not a peddler within the meaning of the statute, and was not liable to pay a license for the business which he carried on within the town. His avocation was more properl}'' that of a commercial traveler or drummer. Certainly it was not that of a peddler, as defined by all of the lexicographers, and as held by the great mass of authorities. The only case we can find, or to which we have been cited, conflicting in the slightest degree with this, is that of Graffty v. Rushville, 107 Ind. 502. The city ordinance considered in this case was made in express terms applicable only to nonresidents of the city, and was based upon a statute wherein the sole power granted to municipal corporations in reference to this subject was “ to restrain hawking and peddling.” It was held that one of the main objects which the legislature had in view by vesting such powers in cities was to pennit them to protect *495 their home merchants from competition. Under these circumstances the court gave to the word “peddler” a more enlarged definition, thereby bringing.within the provisions of the statute certain acts and an employment which would not have constituted a peddler if the word were used in the ordinary sense in which it was usually employed.
The statute in Colorado is different from this, and there is nothing upon which an inference can be based that the legislature intended to attach to the word “ peddler” any other than its usual and ordinary significance. The definition given in this opinion is that of all the recognized lexicographers, is supported by the law writers and by the decisions of the courts, without exception, unless the case from Indiana be one, and we must adhere to it.
In this view of the ease, the judgment was erroneous and must be reversed.

Reversed.