Field Enterprises Educational Corporation, a Delaware Corporation, Plaintiff-Appellee, v. Village of Wheeling, a Municipal Corporation, A. R. McIntyre, and Marvin Horcher, Defendants-Appellants.

Gen. No. 52,861.

First District.

April 7, 1969.

Rehearing denied May 9, 1969.

Paul E. Hamer, of Northbrook, for appellants.

Robert B. Wilcox, Peter A. Tomel, and James E. Knox, Jr., of Chicago (Isham, Lincoln & Beale, of counsel), for appellee.

STOUDER, P. J.

This is an appeal from a decree of the Circuit Court of Cook County holding that certain ordinances of the Village of Wheeling, Defendant-Appellant, were invalid as applied to the activities of Field Enterprises Educational Corporation, Plaintiff-Appellee.

On February 14, 1964, a representative of plaintiff company was stopped on the complaint of a resident of defendant for soliciting without a license in violation of defendant's ordinance number 537. Ordinance number 537 provided for the registration of all persons soliciting door-to-door within the Village of Wheeling and defined solicitors as being transient merchants or vendors or "any person soliciting orders for the sale of any articles or things in the Village of Wheeling to be delivered in the future." The ordinance further specifically provided the information to be furnished in an application for a permit and for a fee for the issuance of the permit. Plaintiffs' representative was soliciting orders for encyclopedias.

Subsequent to February 14, 1964, plaintiffs' representative was registered and fingerprinted, paid the necessary fees and continued his solicitations for a period of fourteen or fifteen days.

On June 15, 1964, Defendant Village enacted Ordinance number 776 declaring the practice of going upon private residences within the Village by solicitors, peddlers, hawkers, itinerant merchants or transient vendors of merchandise to solicit orders for the sale of goods without a prior invitation from the owner, to be a nuisance punishable as a misdemeanor. Ordinance number 776

contained no provision for registration, licensing or obtaining a permit.

On June 15, 1964, Defendant Village enacted Ordinance number 782 prohibiting any person from entering any private premises without the consent of the owner.

On June 18, 1964, Plaintiff filed a complaint seeking a declaration of rights under Ordinance number 776. The Village filed its answer and counterclaim to which Plaintiff filed an answer. Upon Plaintiff's motion for summary judgment, motion to dismiss and motion to strike certain affidavits filed by the Village, the entire matter was referred to a Master in Chancery. Amended pleadings were filed including Ordinances number 537 and number 782 and on the Master's recommendation, the trial court decreed the ordinances to be null and void and issued an injunction against Defendant. From these orders this appeal was taken to the Supreme Court and transferred by the Supreme Court to this Court on the grounds that the Supreme Court had no jurisdiction on direct appeal.

The decree of the trial court was based on its finding of lack of statutory authority on the part of the Village to enact the ordinances in question and also contained a finding that the ordinances violated both State and Federal Constitutions. A considerable portion of Appellant's argument is directed to the constitutional questions. However, if the finding of the trial court as to lack of statutory authority is correct, it is not necessary to decide the constitutional questions.

Our Supreme Court has held since its decision in Emmons v. City of Lewistown, 132 Ill 380, 24 NE 58 (decided in 1890) that the statutory power granted to municipalities to "license, tax regulate or prohibit hawkers, peddlers, pawnbrokers, itinerant merchants, transient vendors of merchandise . . ." does not extend to the regulation of persons selling books, periodicals or other publications. (See Village of South Holland v. Stein, 373 Ill 472, 26 NE2d 868.) The Supreme Court has fur-

ther held that the legislature has acquiesced in this holding for a long period of time and that any change must come by statute. Osborn v. Village of River Forest, 21 Ill2d 246, 171 NE2d 579. In view of these holdings and in the absence of any statutory change or judicial authority, we must hold in the instant case that Defendant was without authority to enforce the ordinances in question in so far as they applied to Plaintiff.

Defendant acknowledges the above cases but argues that the effect of the decisions has been altered by the decision of the U. S. Supreme Court in Breard v. Alexandria, 341 US 622. The Breard case dealt only with the question of the constitutionality of the ordinance involved and has no effect upon the decisions of our Supreme Court concerning statutory authority. We are unable to find any change which allows this Court to differ from the prior holdings.

The decree of the trial court is therefore affirmed.

Decree affirmed.

ALLOY and SCHEINEMAN, JJ., concur.