JUDGE HARDIN
delivered the opinion op the court.
The appellant having in October, 1870, as the traveling agent of Charles H. Waters & Co., wholesale merchants of Cincinnati, Ohio, offered to vend the goods'of his principals by sample in the town of Stanford, Kentucky, to W. S. Hooker, a merchant of that place, he was arrested, tried, and fined in the sum of one hundred dollars for so doing, as for a violation *503 of the act of March 4, 1856, in relation to peddlers (2 R. S. 276), he not having obtained a license as a peddler as required by that statute. That judgment was reversed on an appeal to the circuit court, and from its judgment the commonwealth has appealed to this court. • •
The only material question presented for decision is whether the provisions of the act of March 18, 1870 (1 Session Acts, p. 104), repealing the act of 1856 as to “merchants or their agents residing in or out of this state who may vend or offer to vend by sample goods, wares, merchandise, or manufactures made within or without this state to merchants, dealers, or other persons living within this state,” exempted the appellee from liability to the fine imposed by the inferior court?
Although the second section of the act imposes a tax in lieu of the license fees required by the act of 1856, we are of the opinion that the effect of the entire statute is to exempt permanent merchants and their agents, such as the appellant and his principals appear to have been, from responsibility under the act of 1856, leaving it only in force as to itinerant peddlers, in the usual or popular meaning of that term, as contra-, distinguished from permanent or localized merchants, and that the circuit court properly so adjudged.
Wherefore the judgment is affirmed.