## COMMONWEALTH *vs.* HENRY S. FARNUM.

It is not a violation of Gen. Sts. c. 50, § 27, forbidding unlicensed hawking and peddling for the agent of a sewing machine company to go from place to place exhibiting a sample machine and soliciting orders to be filled by the company, and delivering upon conditional contracts of sale the machine sent to him by the company in answer to such orders, although occasionally he fills an order immediately by the delivery of the sample, and although once, contrary to his custom, he makes an absolute sale.

COMPLAINT to a trial justice under Gen. Sts. *c.* 50, § 27, for going from place to place, and from dwelling-house to dwelling-house, April 5, 1872, at Northbridge, carrying for sale and exposing to sale sewing machines, sewing machine attachments, sewing silk and thread, without having a license so to do. The defendant was convicted and appealed.

At the trial in the Superior Court, before *Rockwell,* J., the following agreed statement of facts was put in evidence by the Commonwealth :

"The defendant was in the employ of the firm of Friend & Sweetser, of Boston, agents of the Florence Sewing Machine Company, a corporation duly established by law in this Commonwealth.

"He was furnished with a horse and covered wagon. Under the seat of the wagon was a box in which were several boxes of sewing silk and cotton thread. In the wagon was carried a Florence Sewing Machine, manufactured in this state by said company, also sewing machine attachments, made by said company, in this state, adapted to said sewing machine, and also machines called tuck-markers, capable of being attached to a sewing machine. The defendant was also furnished with pamphlets explaining the merits of the Florence Sewing Machine and its mode of use.

" The defendant's employment, April 5, 1872, at Northbridge, was carrying around, from place to place, in said town, the before-named articles. He was engaged in distributing said pamphlets from place to place in said town, and in showing samples of the work on the sample machine, then carried by him in order to obtain orders therefor. On that day he took no orders, and sold and delivered none of said articles to any person. His mode of doing business was this. He solicited orders for the said sewing machine. The orders procured by him were sent to Boston, to the office of the company, to be filled, and the sewing machines sent out in response thereto were delivered to the purchaser by the defendant from said wagon. In case the purchaser wanted one immediately, the defendant would deliver to him the sample machine then in the wagon, thus filling the order at once, and the sample machine was sometimes left for trial. In all cases where a sewing machine was delivered under a contract of sale, a contract would be filled out and executed by the buyer, and delivered to the defendant for said company, and the first instalment of the price was paid to the defendant when the machine was delivered.

" The following is a blank form of the contract: ' This certifies that I, of , have received of Florence Sewing Machine Company, of the city of Boston, and State of Massachusetts, one Florence Sewing Machine, No. , Style , and apparatus belonging thereto, which I am at liberty to use with care, keeping it in as good order as when received.

" ' I have agreed to purchase said machine and pay the sum of dollars, in the following manner, viz. : dollars down on the delivery of this contract, and the balance in regular monthly payments of dollars each, until the full amount is paid. I have also agreed to make all future payments at the company's office, No. 141 Washington St., Boston, on the of each month, without further notice or demand.

" ' The sale of said machine is conditional upon the punctual payment of the said sums, as above stated ; the title to remain in the said Florence Sewing Machine Company, until all the payments are made in full, at which time there shall be a bill of sale, ab-

solute, made out and delivered to the said  . But if default shall be made in said payments, or if I shall sell, or offer for sale, remove, or attempt to remove the said machine from   , without the written consent of said company, or their agents, then and in that case, they or their agents, shall resume actual possession of said machine, and the payments heretofore made shall be in full for the use thereof. Witness   hand at   , the   day of   187 .'

" The sewing silk was carried about by the defendant for the purpose of advertising the same kind of silk sold at wholesale by the company, under their label, and not for sale. The defendant never sold any of said silk. April 5, 1872, Sam'l J. Fletcher, a state constable, while looking over the contents of the defendant's wagon at Northbridge, with a view to ascertain if the defendant was engaged in unlawful peddling, asked the defendant the price of said silk and of said cotton thread, and was informed by him what the price was. The cotton thread was carried as aforesaid, to be used in exhibiting the working of the sewing machine, and to supply each purchaser of said machine with a small quantity thereof as a gratuity. The sewing machine attachments and markers aforesaid were carried by the defendant to be furnished to purchasers of the sewing machines as a part and incident thereof, but during four weeks previously to said April 5th, the defendant had sold and delivered from said wagon, while going about from place to place in said town, one of said attachments and one of said markers as separate articles of trade, and had received the price therefor; but this was not his custom, or within the scope of his ordinary employment.

" The defendant had no license under the laws of the Commonwealth to do the acts herein set forth.

" The articles aforesaid were not the products of the defendant's labor, nor that of his family, and were not within the list of articles allowed to be sold by Gen. Sts. *c.* 50, § 13."

There was no other evidence in the case. The defendant asked the court to rule that the evidence did not warrant the defendant's conviction. The court refused so to rule, but ruled that on the facts submitted the jury would be authorized to convict.

The jury returned a verdict of guilty, and the defendant alleged exceptions.

*W. F. Slocum & W. S. Slocum,* for the defendant.

*C. R. Train,* Attorney General, for the Commonwealth.

ENDICOTT, J. A hawker and peddler is an itinerant trader, who goes from place to place, and from house to house, carrying for sale and exposing to sale the goods, wares or merchandise which he carries. He generally deals in small and cheap articles, such as he can conveniently carry in a cart or on his person. Such hawker and peddler, or any other person who does the same business in the same manner, if unlicensed, is liable to punishment under the Gen. Sts. *c.* 50, § 27.

The only question presented here is whether the defendant, in doing the acts that he did, without a license, came within the provision of the statute. At the time charged in the complaint he was in the employment of the general agents of the Florence Sewing Machine Company, who occupied the company's office at Boston, and who sold and distributed the machines manufactured by the company. He had a wagon in which he carried a sample machine, and the attachments to the same, which he exhibited together with samples of its work, for the purpose of soliciting and obtaining orders for the machine. He also distributed pamphlets explaining its merits and mode of use. Under the seat of his wagon was a box containing sewing silk and cotton thread. The silk was not for sale, but was carried for the purpose of advertising the same kind of silk, sold by the company at wholesale under their label. The cotton thread was used in exhibiting the machine, and each purchaser of a machine was supplied with a small quantity as a gratuity. The orders obtained were sent to his employers in Boston, and the machines, sent in response thereto, were delivered by him to the purchaser. Sometimes the sample machine was left for trial, and sometimes, when the purchaser wanted a machine immediately, he would deliver the sample machine, thus filling the order at once, although this was not his usual mode of business. When a machine was delivered under an order, a conditional contract of sale with the company was signed by the purchaser, and an instalment on account was paid

by the purchaser to the defendant. All other instalments were payable at the company's office in Boston, and in the contract certain rights were reserved to the company itself in case of non-payment.

Upon these facts we think the jury should have been instructed that the defendant was not liable. He was an agent soliciting orders, and a carrier delivering machines ordered. He made no direct sales himself. He did not carry and expose goods for sale within the meaning of the statute, and his acts did not come within the mischief the statute is intended to prevent. The article he carried was a sample of that which he proposed the purchaser should buy of the company. The fact that he occasionally delivered the sample machine to a purchaser, desirous of obtaining one immediately, cannot so change the character of his business as to bring him within the statute. Nor did the fact that he sold one attachment, and one tuck-marker, capable of being attached, render him liable; it distinctly appearing that it was not his practice to make such sales. The question is to be determined on the general character and scope of his business ; if this does not bring him within the statute, he is not liable for single sales of particular articles, such sales being exceptional, and not in the course of his ordinary employment. As the agreed facts put in evidence by the Commonwealth, while stating the occasional delivery of a sample machine, and the separate sale of two attachments, also include the statement that it was not his custom so to do, the jury would not be warranted in finding from these acts, being exceptional, a practice to carry and expose for sale, and so change the character of his business. *Commonwealth* v. *Ober*, 12 Cush. 493, 496. This case is governed by the rule laid down in that decision. *Exceptions sustained.*