THE TOWN OF SPENCER v. WHITING.

1. **Peddlers:** WHAT IS NOT PEDDLING. Taking orders for goods to be manufactured is not peddling; neither is the sale, by the person taking such orders of a few articles in a law office, where there is no evidence of any offer to sell in any other place.

*Appeal from Clay District Court.*

FRIDAY, APRIL 23.

THE defendant was charged with peddling goods within the limits of the incorporated town of Spencer without having procured a license to do so, as provided by an ordinance of the town.    He was tried in the mayor's court, and convicted. Thereupon he appealed to the district court, and upon trial, at the conclusion of the evidence, the court dismissed the action, for the reason, as alleged, that the prosecution had failed to establish the fact that the defendant was a peddler. From the order dismissing the action the plaintiff appeals.

*Parker & Richardson,* for appellant.

*Hall & Steele,* for appellee.

ADAMS, CH. J.—The defendant, at the time of the alleged offense, was acting as an employe of the Castle Shirt Company, of Chicago, and was engaged in obtaining orders from customers, and in taking measures for the manufacture of the goods.  As such employe he obtained several orders in the

town of Spencer. It appears, also, that upon one occasion he sold, in the law office of S. S. Snow, a set of cuff-holders, and an article for keeping neck-ties in position. He had sample shirts with him, and some other things, for which he took orders and measures, but it appears that he did not offer to sell anything which he had with him except as above shown. The ordinance in question provides that "any person offering for sale, barter or exchange, any goods, wares or merchandise along or upon the public streets, alleys or other public places of the town, or from house to house, shall be deemed a peddler;" and it is elsewhere provided that peddlers shall pay a license.

The question presented is as to whether there was any evidence tending to show that the defendant was a peddler within the meaning of the ordinance. The court below thought that there was not, and we have to say that we think that the court was correct. Taking orders for goods to be manufactured is certainly not peddling goods. The only doubt in the case, if any, arises upon the fact of the sale of the cuff-holders and the neck-tie holder in Snow's law office. But, while the defendant took orders for shirts from several persons, it appears that he did not offer to sell to them cuff-holders or neck-tie holders. He might have been selling these to the trade, or taking orders for them, which would not have been peddling. There is, indeed, some evidence tending to show that what he sold in Snow's office he sold as a special favor to the purchaser, and there is nothing in the evidence inconsistent with that idea. The presumption is that the defendant was not offering the goods from house to house, in violation of the ordinance; and a single sale, under the circumstances shown, would not, we think, tend to prove that he was. A single offer by the defendant in a public place would perhaps, under the ordinance, constitute him a peddler, but a law office is not a public place, within the meaning of the ordinance. It would doubtless come under the denomination of "house," as that word is used in the ordinance, and an

offer from office to office would, we presume, be deemed an offer from house to house.

We think that the evidence wholly failed to show that the defendant was engaged in peddling in the town of Spencer, and that the order of the district court must be

AFFIRMED.