City .of Davenport v. Rice.

---

CITY OF DAVENPORT V. RICE.

Peddling : WHAT IS NOT : CITY ORDINANCE. A peddler is one who travels about with merchandise for the purpose of selling it ; but a person in the service of a resident business establishment, who goes about the city carrying samples of goods kept for sale by the establishment, and solicits orders to be filled by his employers, is not a peddler, and is not subject to punishment as a peddler under a city ordinance declaring such acts to be peddling. ( Compare *Town of Spencer v. Whiting*, 68 Iowa, 678).

*Appeal from Scott District Court.*—HON. JOHN N. ROGERS, Judge.

FILED, SEPTEMBER 6, 1888.

THIS was a prosecution under an ordinance of the city of Davenport, for peddling and hawking goods in said city without a license. Defendant was acquitted, and the city appeals.

*L. M. Fisher*, for appellant.

*St. John, Stevenson & Whisenand*, for appellee.

ROTHROCK, J.—The cause was tried by the court without a jury, and it is submitted upon appeal to this court upon the findings of fact and conclusions of law by the district court, which are as follows :

"For several years a business association or firm, known as the 'Adams Manufacturing Company,' has kept a retail store or ware-room in the city of Davenport, and a stock of miscellaneous house-furnishing goods therein for sale, on which stock it has been taxed by the city in the annual tax levy on taxable property, and has also paid a retailer's license tax under the city ordinance

providing therefor. At the time of and before the commencement of this prosecution, the defendant Rice was in the employ of the said Adams Manufacturing Company, which employed him and a number of other persons to call on citizens of Davenport at their houses or places of business, and solicit orders for goods of the various kinds kept for sale by said company; said solicitors usually carrying with them for exhibition a sample or samples of one or more of such classes of goods, and said Rice was actually engaged in soliciting and taking orders. When an order was obtained it was filled by said company by delivery from their stock of goods above mentioned. Sometimes the identical sample carried by the solicitor for exhibition was, if desired by the customer, sold and delivered to him by the solicitor. But it is not satisfactorily proved that this had ever been done by this defendant, Rice. At the time of said Rice's arrest by a police officer of said city, preliminary to this prosecution, he was found on a street of said city, having in his possession a clock from the stock of said company, which he was taking to a resident in said city, at her residence, who had informed another employe of said company that she wished to purchase a clock; and said defendant was about to visit her, with said clock as a sample, in order to solicit her order for a clock, to be sold to her by said company. Neither the defendant nor the company, at the time of beginning this prosecution, held any license as a peddler or hawker from said city. The ordinance of said city on which the prosecution is founded, so far as material to the case, is as follows ( ch. 28, sec. 9, Rev. Ord. of City of Davenport, of 1884):

" 'Sec. 9. No person shall hawk or peddle within the limits of this city any goods, wares, merchandise, or other articles, save and except newspapers and farm or garden produce raised by the seller, without first having procured a license therefor.

" '(a) The charge for said license shall be as follows: For one day, two dollars; for one week, five dollars; for one month, ten dollars.

" ' (*b*) Said license shall be procurde in the manner provided in section two hereof.

" ' (*c*) Soliciting orders for future delivery of goods shall be deemed and taken to be peddling within the meaning hereof; and the burden of proof, where the fact of soliciting is shown, shall be upon the defendant, and he will be required to show that the terms or provisions of this section were not by him violated.

" ' (*d*) Any person found guilty of violating any of the provisions of this section shall be fined in a sum not exceeding twenty-five dollars, and shall be imprisoned until the same is paid.'

"On the foregoing facts the court is of the opinion, as matter of law : *First*. That the facts do not show that the defendant was a 'peddler' or 'hawker,' within the meaning of the clause of the city charter authorizing the city to license, tax and regulate * * * hawkers, peddlers, etc. *Town of Spencer v. Whiting*, 68 Iowa, 678; *Com. v. Farnum*, 114 Mass. 267. *Second*. That said facts do not show any violation by said defendant of any valid provisions of said ordinance. *Third*. That the city council had no power, under the city charter, to enact by said ordinance that 'soliciting orders for future delivery of goods shall be deemed and taken to be peddling, within the meaning hereof;' such soliciting not being 'peddling,' within the proper meaning of said word as used in the charter. *Mays v. Cincinnati*, 1 Ohio St. 272. *Fourth*. Defendant is entitled to judgment of acquittal herein.

[Signed]    " J. N. ROGERS,

. "Judge Seventh District."

It appears from the statement of facts that the "Adams Manufacturing Company" is a resident mercantile establishment occupying a store or warehouse, with its stock therein for sale, the same as other resident merchants. It employed the defendant and others to call on citizens of Davenport and solicit orders for goods of the various kinds kept for sale by said company. These solicitors usually carried with them samples of the goods offered for sale, and, when an order was

City of Davenport v. Rice.

obtained, it was filled by the company from their stock of goods at their store. A peddler is an itinerant individual, ordinarily without local habitation or place of business. The only difference between the company represented by the defendant and any other resident merchant was that, for the purpose of securing business, the company sent its salesmen or clerks to the residences of the people to solicit purchasers for its wares. This is not unusual with some of the very best retail grocers. It is true, their agents and drivers may not carry samples, but we fail to see why this should make any difference. Webster defines a peddler to be "one who peddles ; a traveling trader ; one who carries about small commodities on his back or in a cart or wagon, and sells them." Worcester : "A traveling merchant ; one who travels about the country carrying commodities for sale." Johnson : "One who travels the country vending small commodities." Bouvier defines peddlers to be "persons who travel about the country with merchandise for the purpose of selling it." Under these definitions we suppose that if an itinerant person should deposit his goods in a car or room, and from that place as a depository he should take his wares through the city, from place to place, for sale, he would be a peddler. But the establishment represented by the defendant had its operators where its goods were exposed for sale, and where they were actually sold, and the solicitation of orders for goods by sample was in no sense peddling. The authorities cited in the findings of the court fully support the conclusion made by the learned district judge who tried the case. Indeed, we think the case of *Town of Spencer v. Whiting* is in principle conclusive upon the question.

AFFIRMED.