CITY OF STUART, Appellee, v. FRANK CUNNINGHAM, Appellant.

**Peddler:** DEFINITION: CITY ORDINANCE: CONSTRUCTION. One employed as agent for a vendor to deliver goods previously sold, on orders solicited from house to house by a canvasser, is not a peddler, within the meaning of a city ordinance making it unlawful for any peddler to exercise his calling without a license.

*Appeal from Guthrie District Court.*—HON. J. H. APPLEGATE, Judge.

WEDNESDAY, MAY 17, 1893.

THE defendant was accused and convicted of the offense of peddling without a license. From the judgment requiring him to pay a fine of twenty dollars and costs, he appeals.—*Reversed.*

*McHenrys & Johnson,* for appellant.

*Sayles & Hinkson,* for appellee.

ROBINSON, C. J.—The conviction of the defendant was had under an ordinance of the plaintiff which contains provisions as follows:

"Be it ordained by the council of the city of Stuart:

"Section 1. That any person who shall sell, or offer for sale, any goods, wares, merchandise, or other articles of value, for sale, barter, or exchange, at any place in, upon, along, or through the streets, alleys, or other public places, or in wagons or other vehicles, or at private or public houses, shall be deemed a peddler.

"Section 2. It shall not be lawful for any peddler to exercise his calling within this town or city without a license."

Other sections provide for the granting of licenses, and for the punishment of a violation of the ordinance. This prosecution was instituted in the court of the mayor of the city of Stuart. The defendant was found guilty, and adjudged to pay a fine, by that court, and appealed to the district court of Guthrie county, in which he was again convicted. An agreed statement of facts shows the following: On or about the first day of July, 1891, E. E. Taylor went to Stuart, and canvassed the town, from house to house, taking orders for merchandise thereafter to be delivered. The orders were verbal, but memoranda thereof were kept by Taylor. He acted in the transaction as agent of W. A. Edwards, who was the proprietor of a store in Des Moines. On the fourth day of August, 1891, the merchandise ordered was shipped to Stuart, consigned to the defendant, who went there, opened the packages in which the merchandise was shipped, and, with some of it in his possession, but. without a peddler's license, started to deliver to the purchasers, as the agent of Edwards. While so engaged he was arrested for a violation of the ordinance specified. The merchandise consisted of spoons, albums, rugs, etc. No money was paid when the orders were given, and neither Taylor nor Edwards had a peddler's license. The question to be determined is whether, under the facts stated, the defendant was a peddler exercising his calling, within the meaning of the ordinance, and the statute of Iowa, under which it was adopted.

Incorporated cities and towns have power "* * * to regulate and license * * * peddlers." Code, section 463. In *Town of Spencer v. Whiting*, 68 Iowa, 678, it was said that the taking of orders for goods to be manufactured was not peddling. In *City of Davenport v. Rice*, 75 Iowa, 74, it was held that soliciting orders for future delivery of goods was not peddling, where the goods to be delivered were kept in stock in

the city in which the delivery was to be made. But the character of the transaction did not depend upon the place where the goods sold were kept. It is not within the power of a city or town to discriminate in favor of its resident, and against its nonresident, merchants. *Town of Pacific Junction v. Dyer*, 64 Iowa, 38. Whether a person is a peddler depends upon his method of doing business. In *Commonwealth v. Ober*, 12 Cush. 495, it was said: "The leading, primary idea of a hawker and peddler is that of an itinerant or traveling trader, who carries goods about in order to sell them, and who actually sells them to purchasers, in contradistinction to a trader who has goods for sale, and sells them, in a fixed place of business." A peddler may carry on his business by traveling from town to town, or by going from place to place in a single town. It was said in *City of Chicago v. Bartee*, 100 Ill. 61, that the term "peddler," used in its general and unrestricted sense, "fully embraces persons engaged in going through the city, from house to house, and selling milk in small quantities to different persons."

We are of the opinion that the defendant was not a peddler, within the meaning of the ordinance in question, or the authorities cited. The ordinance forbids a person from selling, or offering for sale, barter, or exchange, goods and other property specified, without a license. The defendant did not, however, sell, nor offer for sale, nor propose to offer for sale, property of any description. The sale had been made previously by another, and his purpose was to deliver the property which had been so sold. Whether he was to collect the money to be paid by the purchasers is not shown, but, conceding that he was to do so, that fact is not material in this case, for the reason that it would not change the character of the transaction so far as the defendant participated in it. He proposed to visit

citizens of. the town of Stuart for the purpose of delivering articles they had ordered, and to that extent his visits may be presumed to have been invited by them. He did not carry about from house to house, nor from place to place, merchandise for sale, seeking purchasers, fixing prices and terms, endeavoring thus to make contracts of sale, but his purpose was merely to perform those previously made. See *Commonwealth v. Ober*, 12 Cush. 495. The authorities are not agreed as to what constitutes a peddler, some holding that a person who travels from place to place, or house to house, selling goods for future delivery, by sample, is one; but the case of *City of Davenport v. Rice*, 75 Iowa, 74, in effect, holds that he is not. Our attention has not been called to any authority which holds that a person who delivers goods previously sold by another is a "peddler," within the ordinary use of that term. The ordinance under which the defendant was convicted prohibits unlicensed persons from selling, or offering for sale, or barter or exchange, goods or other articles of value, on its streets, or at public and private houses. The defendant did nothing which was prohibited by the ordinance, and should have been acquitted.

The judgment of the district court is REVERSED.