ROBERT HEWSON v. THE INHABITANTS OF THE TOWN-
SHIP OF ENGLEWOOD, IN THE COUNTY OF BERGEN.

In pursuance of our statute the inhabitants of Englewood, in this state,
    passed an ordinance requiring hawkers, peddlers and itinerant venders
    of merchandise to obtain a license. R., a merchant dealing in groceries
    in the city of New York, where for years he has kept a store with a
    stock of groceries from which he supplies his customers, employed the
    prosecutor to drive his wagon to his customers in Englewood and take
    their orders and afterwards deliver the goods ordered. The prosecutor
    did not sell or deliver goods in any other way, and neither he nor R.
    had a license as required by the ordinance. *Held,* that the prosecutor
    was not a hawker, peddler or itinerant vender within the meaning of
    our statute.

On *certiorari.*

Argued at February Term, 1893, before Justices VAN
SYCKEL and GARRISON.

For the plaintiff, *George R. Dutton.*

For the defendant, *Raymond P. Wortendyke.*

The opinion of the court was delivered by

VAN SYCKEL, J.    The act of March 31st, 1890 (*Pamph.
L., p.* 150), provides that it shall be lawful for the governing
body of any township to make ordinances licensing hawkers,
peddlers and itinerant venders of merchandise, medicines and
remedies, and to prescribe penalties for violating such ordi-
nances.

The suit certified into this court was brought against Hew-
son to recover a penalty for violating an ordinance passed by
the authorities of said township in virtue of said act. The
material facts of the case are as follows :

One James Richardson is a merchant dealing in groceries
and provisions at No. 53 Vesey street, in the city of New

York, where for years he has kept a store with a large stock of goods from which he supplies his customers.

He has in his employ a number of agents, who go around to his customers and get their orders and afterwards the goods ordered are delivered from Richardson's wagons and the salesmen take further orders for goods to be delivered.

Hewson was employed by Richardson in this way. He went to Englewood on the 9th day of September, 1892, and delivered merchandise from Richardson's store, which had been previously ordered, and took other orders for future delivery.

He did not sell or deliver goods in Englewood in any other way. No goods are sold from Richardson's wagons, but only delivered on orders previously obtained and afterwards delivered as aforesaid.

Neither Richardson nor Hewson has a license as required by said township ordinance.

Judgment was rendered against Hewson in the court below for the penalty prescribed by the ordinance.

The only question presented by the case is, whether Hewson was a hawker, peddler or itinerant vender of merchandise.

No discrimination can be made between the merchant whose store is in New York city and one whose business house is in Englewood township. Under like circumstances the same rule applies to both. *Morgan* v. *City of Orange*, 21 *Vroom* 389 ; *Steinevers* v. *Stilling*, 23 *Id.* 517.

Bouvier defines a hawker to be a person going from place to place with goods to sell. He is one who carries his merchandise with him and disposes of and delivers it as he travels.

A peddler is one who travels about with merchandise for the purpose of selling it ; but a person in the service of a resident business establishment, who goes about the city carrying samples of goods kept for sale by his employer and solicits orders to be filled by his employer, is not a peddler and is not subject to punishment as a peddler under a city ordinance requiring peddlers to take out license. *City of Davenport* v. *Rice*, 75 *Iowa* 74

A commercial traveler who simply exhibits samples of goods kept for sale by his principal, and takes orders for such goods, to be delivered by his principal, to whom payment is to be made, is not a peddler. *Kansas City* v. *Collins,* 34 *Kans.* 434.

The Supreme Court of Illinois held, in *Emmons* v. *Lewistown,* 24 *N. E. Rep.* 58, that a book canvasser who solicits subscriptions for books for future delivery is not a peddler, and cannot be required to take license under authority given to the town to license hawkers and peddlers.

One who goes about a village carrying samples and taking orders for a non-resident firm is not a hawker or peddler. Supreme Court of Illinois in *Cerro Gordo* v. *Rawlings,* 25 *N. E. Rep.* 1006.

A person who has a store and travels through the adjoining country soliciting orders which he afterwards fills, is not a peddler within the meaning of the statute prohibiting sales without a license by a hawker, peddler or traveling merchant. Supreme Court of Pennsylvania in *Commonwealth* v. *Eichenberg,* 21 *Atl. Rep.* 258.

The rule to be drawn from the reported cases is, that to subject a person to the penalties denounced against unlicensed hawkers, peddlers and itinerant venders of merchandise, it must be shown that he carries his goods with him for sale, or has them sent from place to place, and disposes of them as he travels.

That, in my judgment, is necessary to constitute a hawker, peddler or itinerant vender within the meaning of our statute.

The Massachusetts statute provides that " every hawker, peddler or petty chapman or other person, going from town to town, or from place to place, or from dwelling-house to dwelling-house in the same town, either on foot or with one or more horses or otherwise, carrying for sale or exposing to sale any goods," &c.

In *Commonwealth* v. *Ober,* 12 *Cush.* 493, Chief Justice Shaw said that to bring the acts of the defendant within the prohibition of the statute, there must be the essential charac-

teristics of carrying goods about for sale, offering them to purchasers, fixing the prices or receiving payment.

The Massachusetts statute is substantially the same as the sixth section of 50 *Geo. III.*, c. 41. In *Rex* v. *Turner*, 4 *B. & Ad.* 510, where the penalty was enforced against the defendant, it appeared that he had the goods in his possession and sold them.

Penal statutes and ordinances providing penalties must be strictly construed. In the case submitted there is, in my judgment, an absence of the circumstances which render the prosecutor subject to the penalties prescribed by the township ordinance.

The judgment below should be reversed.