Belknap, }
Dec., 1898. }

## STATE v. WELLS.

The agent of a company having a permanent place of business in this state, who goes about from town to town soliciting orders and subsequently delivering goods, is not a hawker or peddler within the meaning of c. 76, Laws 1897.

INDICTMENT, under c. 76, Laws 1897, for exposing for sale and selling tea, coffee, and spices without a license. Facts found by the court. The defendant resides in Laconia and has not taken out a license. He was employed by the Grand Union Tea Company of Brooklyn, New York, to go from place to place in this county with a team, selling at retail their goods, consisting of teas, coffee, spices, and other groceries. He furnished the horse used in the business, and the company furnished the wagon. He solicited orders one week, and delivered the goods the next week.

In the meantime he procured the goods of the company from a stock kept by them at a branch store in Concord. He was paid for his services by a commission upon his sales. He carried no goods except those which had been previously ordered by his customers. The question raised is whether sales made in this way constitute an offence under the statute.

*Frank M. Beckford,* solicitor, for the state.

*Jewell & Owen* and *Streeter, Walker & Hollis,* for the defendant.

WALLACE, J. The indictment is for a violation of chapter 76, Laws 1897, entitled, "An act in relation to hawkers and peddlers." Section 1 provides that "No person shall do any business as a hawker or peddler, or go about from town to town, or from place to place in the same town, exposing for sale or selling any goods, wares, or merchandise," except certain kinds of property therein named, without a license. It is apparent from the title of the act and from its terms that it was designed to affect hawkers and peddlers, and to regulate their business. The language used expresses the understanding of the legislature as to what acts constitute the business of a hawker or peddler. This definition is in accordance with the generally understood and accepted meaning of those terms.

The only question presented is whether the defendant in doing what he did without a license was guilty of a violation of the statute. "The leading primary idea of a hawker and peddler is that of an itinerant or traveling trader, who carries goods about in order to sell them, and who actually sells them to purchasers, in contradistinction to a trader who has goods for sale and sells them in a fixed place of business." *Commonwealth* v. *Ober,* 12 Cush. 493, 495. The defendant did not carry any goods about with him for sale; neither did he expose any for that purpose. He solicited orders for his employers, a firm having a permanent place of business in this state, and subsequently delivered the goods thus ordered. He made no sales on his own account. The sales were made by the firm through the defendant as their agent. The defendant in what he did was not doing "business as a hawker or peddler," nor was he "exposing for sale, or selling," goods within the meaning of the statute. *Commonwealth* v. *Ober, supra; Commonwealth* v. *Farnum,* 114 Mass. 267; *Davenport* v. *Rice,* 75 Ia. 74; *City of Stuart* v. *Cunningham,* 88 Ia. 191; *The King* v. *McKnight,* 10 B. & C. 734. The acts of the defendant in taking the orders and afterward delivering the goods on those orders for the company who employed him, were substantially the same as those of the employee of the ordinary retail grocery firm who takes orders and delivers goods. The only difference

is that the grocer's clerk usually confines his operations to the town or city in which his firm is located, while the defendant extended his over a wider field. But no distinction can be made between the acts of the two on this ground, because the language of the statute makes it equally an offence for a person to go about " from place to place in the same town, exposing for sale or selling any goods," or for one to " go about from town to town " doing the same thing. It is plain that the legislature never intended to include the usual taking of orders and delivering of goods by the employee of a grocery store in the town where it is located within the prohibition of the statute, and to compel that class of persons to procure a license. Such a construction would defeat one of the most important objects of the statute,— the protection of local traders. When the only construction of the statute under which the defendant can be held leads to so absurd a result, it is evident the legislature never intended that acts like those of the defendant should be included within the operation of the statute.

*Case discharged.*

CHASE, J., did not sit: the others concurred.