CITY OF WAUSAU, Respondent, vs. HEIDEMAN, Appellant.

*September 11—September 29, 1903.*

*Municipal ordinances: Transient dealers: Licenses.*

1. A municipal ordinance providing that "no transient merchant, trader, or dealer who shall bring into the city" any goods "for the purpose of selling the same from house to house, . . . shall be permitted to sell or expose for sale, barter or exchange by sample or otherwise at retail, or to customers, any such goods," etc., without first having obtained a license therefor, is not applicable to a traveling agent for a mercantile establishment located in another city who carries with him no goods for sale but merely solicits orders by sample, to be filled, if accepted, out of the stock of his principal in the other city and sent to the purchaser by the ordinary methods of transportation.

2. A "transient merchant, trader, or dealer," within the meaning of such an ordinance, is one who goes about taking with him the goods which he offers for sale or in which he deals or trades,—not one who, as agent, merely solicits orders for goods for his principal, whether by sample or otherwise.

APPEAL from a judgment of the circuit court for Marathon county: W. C. SILVERTHORN, Circuit Judge. *Reversed.*

Action to recover $125 said to be due from defendant under an ordinance, by reason of defendant, as a transient merchant, trader or dealer, not intending to permanently locate in the plaintiff city, coming into the same and exposing therein for sale by sample, goods, wares and merchandise, notions and articles of trade, soliciting and taking orders therefor, traveling, in so doing, from house to house and from place to place during a period of five days, and thereafter executing the orders obtained. The vital part of the ordinance, reading into it such parts of ch. 341, Laws of 1901, to which it refers, as are necessary to a full understanding thereof, is this:

"No transient merchant, trader or dealer, who shall bring into the city of *Wausau* any article or articles of trade, goods,

wares or merchandise, or notions other than such as are excepted," etc., "for the purpose of selling the same from house to house, and who does not intend to become a permanent merchant, trader or dealer in said city, shall be permitted to sell or expose for sale, barter or exchange by sample or otherwise at retail, or to customers, any such goods, wares, merchandise, notions or articles of trade, within the city of *Wausau,* without first having obtained a license therefor."

A method was prescribed for obtaining a license, the fee therefor being fixed at $25 per day.

The cause was tried by the court. The undisputed evidence was to the effect that defendant, as agent for the T. A. Chapman Company—a corporation conducting a mercantile establishment, permanently located in the city of Milwaukee, and employing traveling agents to solicit orders for merchandise to be filled out of its stock in said city, defendant being one of them,—visited *Wausau* in the customary way of conducting the business of his principal, and there traveled from house to house taking orders for goods by samples, all orders being subject to acceptance or rejection by the principal at its place of business in Milwaukee, and in case of acceptance the goods to be delivered by the ordinary methods of transportation of such articles, from such city to the city of *Wausau,* payment for the goods in all cases to be made by the customers direct to the T. A. Chapman Company at Milwaukee. Defendant had no interest whatever in the business conducted by him, except that of a mere employee as aforesaid. He did not deem himself within the ordinance referred to, and therefore did not apply for a license or pay any license fees.

The court found that defendant was a transient trader or dealer within the meaning of the ordinance; that he exposed for sale by sample goods, wares, merchandise, notions and articles of trade, traveling from house to house in doing so, in the city of *Wausau;* that he took orders for goods to be subsequently delivered thereon, and thereby became a tran-

sient dealer or trader; that the business done by defendant did not come within any of the exceptions mentioned in the law, and that as he did not obtain any license for doing the business, or pay any license fee, he was liable to the plaintiff for the fee imposed by its ordinance, of $25 per day, or $125, he having been engaged in his business in the city for five days. Judgment was rendered accordingly.

For the appellant there was a brief by *Edwin S. Mack,* and oral argument by *Mr. Mack* and *Mr. George P. Miller.*

*M. B. Rosenberry,* attorney, and *M. A. Hurley,* of counsel, for the respondent.

MARSHALL, J. It will be observed that the judgment is based merely on the fact that appellant, doing the business of an ordinary traveling agent for a mercantile establishment located in the city of Milwaukee, personally solicited orders for goods by sample, to be filled, if accepted, out of the stock of his principal in such city; and that in so doing he traveled from house to house in the respondent city. It was not claimed in the complaint, established by evidence, or found by the court, that appellant brought into such city any other goods than the samples he carried about with him as a mere traveling agent, or that he offered for sale or sold any of such samples or any goods by sample or otherwise. That essential of the ordinance was left wholly uncovered. In that situation it seems that the case of respondent clearly failed to satisfy the calls of the ordinance. Being a penal law, upon familiar principles it must be strictly construed against the respondent if open to construction at all. The learned trial court obviously supposed it was so open, for certainly the mere taking of orders for goods in *Wausau,* to be filled out of a mercantile stock in Milwaukee, exhibiting samples in so doing, is not within the literal sense of the words, "bring into the city of *Wausau* any article or articles of trade," etc., and "sell or expose for sale, barter or exchange by sample or other-

wise, . . . such goods," etc. Such literal sense plainly covers only selling of goods by sample or otherwise out of a stock of goods brought into the city by the seller and presently therein. To read into the words used the idea that they were aimed at mere traveling men, or agents, taking orders for goods as appellant did, would require not only construction, but construction of a violent character,—one hardly warranted in any case; certainly not in one involving the rights of a person charged under a penal statute.

It is claimed by appellant that one merely taking orders for goods by sample, as in this case, is not a merchant, dealer or trader; that such terms include only persons who buy and sell goods on their own account. There is much force in that proposition. The ordinary meaning of the term "transient dealer or trader" is one who goes from place to place carrying goods for the purpose of selling, trading or dealing in the same, as distinct from one who does the same kind of business without traveling about. That was the view taken of a provision quite similar to the one under discussion in *State v. Wells,* 69 N. H. 424, 45 Atl. 143, cited by appellant's counsel. It seems clear that the conclusion that appellant was a transient dealer or trader could have been reached by the trial court only by departing from the ordinary meaning of those words. We cannot discover anything in the ordinance, taken as a whole, or taking the same in connection with ch. 341, Laws of 1901, to which it refers, to warrant such departure. The words seem to have been used by the law-making power in their plain, ordinary sense.

Numerous cases might be referred to where it has been judicially held, either directly or in effect, that a person who, as agent, merely solicits orders for goods for his principal, whether by sample or otherwise, is not a transient merchant, trader or dealer; that such a dealer is one who goes from place to place, taking with him the chattels which he offers for sale or in which he deals or trades,—a person who con-

ducts his business substantially the same as a peddler.  As a rule the cases in which the subject is discussed class peddlers as transient dealers or vendors.  In *Comm. v. Farnum,* 114 Mass. 267, there was an attempt to charge the accused with peddling without a license.  He merely solicited orders for goods by samples, as agent for another.  He did not carry goods with him and offer the same for sale or trade, nor did he deal therein.  The court held, in effect, that an itinerant trader is one who goes about selling and exposing for sale articles of personal property, not one who goes about merely taking orders for such goods.  In *Hewson v. Englewood,* 55 N. J. Law, 522, 27 Atl. 904, the facts were that one Richardson was a merchant having a permanent place of business in the city of New York.  He employed a number of traveling agents to go about soliciting orders to be filled by him out of his stock kept in a store in such city.  Hewson was one of such traveling agents.  He operated in Englewood, going from house to house.  He did not sell any goods, or carry about with him goods for sale.  The court held that he was not an itinerant vendor within the meaning of an ordinance of Englewood imposing a license fee upon such persons for the privilege of doing business within its boundaries; that there was nothing in the ordinance precluding a merchant in the city of New York from sending agents into Englewood to take orders for goods, any more than precluding a merchant located within the city of Englewood from conducting his business in the same way.  To the same effect are *Stuart v. Cunningham,* 88 Iowa, 191, 55 N. W. 311; *Spencer v. Whiting,* 68 Iowa, 678, 28 N. W. 13; *Davenport v. Rice,* 75 Iowa, 74, 39 N. W. 191; *Kansas v. Collins,* 34 Kan. 434, 8 Pac. 865; *Emmons v. Lewistown,* 132 Ill. 380, 24 N. E. 58; *Cerro Gordo v. Rawlings,* 135 Ill. 36, 25 N. E. 1006; *Comm. v. Eichenberg,* 140 Pa. St. 158, 21 Atl. 258.  In the latter case it was directly held that one who travels from place to place soliciting orders for goods to be filled out of

a stock of such goods kept in a store permanently located is not a traveling merchant.

From the foregoing we readily deduce the conclusion that to satisfy the calls of the ordinance in question we must have a person temporarily in *Wausau,* having brought into such city goods of some character for sale and who travels about in such city exposing for sale, dealing, or trading in such goods.

The further point is made that ch. 341, Laws of 1901, upon which respondent city depends, is unconstitutional. Since the points already decided dispose of the case, it seems best to leave the constitutional question for consideration in some case depending upon its solution.

*By the Court.*—The judgment is reversed, and the cause remanded with directions to render judgment in favor of the appellant.