*128  631*
*131  669*

---

The State of Iowa for the use of the Town of Sharon, Appellant, v. S. A. Smithart.

**Municipal ordinances:** PEDDLERS: LICENSE TAX. One who simply
1   solicits orders for goods as an employé and occasionally delivers the same while so soliciting, may be a peddler within the meaning of an ordinance providing that a peddler is one who sells or offers to sell either by sample or taking orders for immediate or future delivery; but he is not liable for a license tax imposed only on peddlers with a pack or vehicle.

**Ordinances:** CONSIDERATION: CONSTITUTIONALITY. Before an ordi-
2   nance can be assailed as unconstitutional the record must show a violation thereof. The mere concession of a violation, when in fact not true, raises simply a moot question which the courts will not decide.

*Appeal from Mahaska District Court.*— Hon. John T. Scott, Judge.

Saturday, October 21, 1905.

The defendant was accused, in an information filed in the mayor's court, of having violated section 4 of Ordinance No. 43 of the incorporated town of Sharon " by operating as a peddler." Trial resulted in judgment of conviction,

from which he appealed to the district court, where he was acquitted. The state appeals.— *Affirmed.*

*S. V. Reynolds* and *Jno. O. Malcolm,* for the State.

*H. H. Sheriff,* for appellee.

LADD, J.— The section of the ordinance under which the defendant was prosecuted declares that:

Peddlers with packs shall pay a license fee of $15 per year, or not less than $1 per day nor more than $5 per day; those with a vehicle, drawn by one or more animals, shall pay not to exceed $30 per year. No license shall be granted for less than one year except a daily license. Every person selling or offering for sale, barter or exchange, either by sample or taking orders, whether for immediate or future delivery, any goods, wares or merchandise shall be deemed a peddler.

The accused solicited and received orders for tea, coffee, and notions, within the corporate limits, as an employé of the D. & W. Tea Company for present and future delivery, and for it sometimes delivered the goods when other orders were solicited. This may have constituted him a peddler within the definition of the ordinance. This was not enough, for it exacts a license from peddlers with pack or vehicle only, and defendant was not shown to have had either. What he did without license was not prohibited.

Before such an ordinance can be assailed as unconstitutional the record should establish its violation. A mere concession to that effect, when not true, raises but a moot question which the courts will not decide.— *Affirmed.*