STATE OF IOWA, Appellee, v. ED BRISTOW, Appellant.

**Peddlers:** TAXATION. A traveling solicitor taking orders for goods
1   from samples, which orders are to be sent his employer and
if approved, filed and forwarded to the solicitor for delivery,
collection and remittance of the purchase price, is not a
peddler within the meaning of Section 1347, Code Supple-
ment, relating to peddlers and the tax to be paid by them.

**Legislative enactment:** AMENDMENT: TITLE. Matter not germane
2   to an existing statute which is added thereto by way of amend-
ment must be expressed in the title of the amendatory act.

*Appeal from Plymouth District Court.*— HON. F. R. GAY-
NOR, Judge.

FRIDAY, OCTOBER 19, 1906.

APPEAL from a judgment of conviction for peddling
without a license.— *Reversed.*

*Robert Hunter,* for appellant.

*Chas. W. Mullan,* Attorney General, and *Lawrence De
Graff,* Assistant Attorney General, for the State.

DEEMER, J.— The statute under which the conviction was had reads as follows:

Section 1. Peddlers plying their vocation in any county in this State outside of a city or incorporated town, shall pay an annual county tax of not less than five dollars ($5) or more than one hundred dollars ($100), as the board of supervisors of any county may provide. for that county. Such tax shall be paid to the county treasurer, who shall issue to the person making such payment duplicate receipts therefor and upon presentation of one of same to the county auditor he shall issue to the person presenting such receipt a license which shall not be transferable authorizing such person to ply the vocation of a peddler in such county for, the term of one year from the date thereof. The word "peddlers" under the provisions of this act, and wherever found in the Code, shall be held to include and apply to all transient merchants and itinerant vendors selling by sample or by taking orders, whether for immediate or future delivery. The provisions of this act shall not be construed to apply to persons selling at wholesale to merchants, nor to transient vendors of drugs, nor to persons running a huckster wagon, or selling and distributing fresh meats, fish, or vegetables, nor to persons selling their own work or production.

It was enacted by the Thirtieth General Assembly as chapter 48, and was entitled "An act to repeal the law as it appears in section thirteen hundred and forty-seven 'a' (1347–a) of the supplement of the Code relating to the vocation of peddlers and to enact a substitute therefor." The section of the supplement referred to replaced section 1347 of the Code, and enacted a substitute in lieu thereof; and section 1347 of the Code related to peddlers and to the amount of tax which they should pay. The latter section was properly entitled, and is not, of course, involved upon this appeal, save as we shall hereinafter indicate. The indictment charged a violation of the section quoted, and the testimony showed that defendant was a traveling solicitor for the Great Western Tea Company, receiving a stated salary

for his services. He traveled about with a team and wagon, carrying samples furnished by his employer, and used them in soliciting business. He took orders for goods and delivered them to his employer, who, if it approved the orders, prepared the goods for delivery to the purchaser by wrapping and marking each order separately, and then turned them over to defendant, who made delivery from his wagon, collecting and remitting the purchase price to his principal. Accounts were kept by the employer with all customers, and payments credited when remitted by defendants. All orders taken by defendant were subject to the approval of his principal, and he carried no goods with him for sale, nor did he deliver any goods until the order for the same was delivered to, accepted by and filled by his employer.

Defendant contends that he was neither a peddler, an itinerant vendor, nor a transient merchant, and that, if his acts be held to be within the statute quoted, the act is unconstitutional and void, for reasons to be hereafter stated. That defendant was not peddler, as that term is generally used, is well settled by authority. *Commonwealth v. Farnum,* 114 Mass. 267; *Brenner v. Commonwealth,* 9 Ky. Law Rep. 289; *Hewson v. Inhabitants,* 55 N. J. Supp. 522 (27 Atl. 904, 21 L. R. A. 736); *Village v. Fisher,* 140 N. Y. 187 (35 N. E. 500); *City v. Rice,* 75 Iowa, 74; *State v. Ninestein,* 132 N. C. 1039 (43 S. E. 936); *State v. Franks,* 130 N. C. 724 (41 S. E. 785); *Potts v. State,* 45 Tex. Cr. App. 45 (74 S. W. 31); *Emmons v. City,* 132 Ill. 380 (24 N. E. 58, 8 L. R. A. 328, 22 Am. St. Rep. 540); *Commonwealth v. Eichenburg,* 140 Pa. 158 (21 Atl. 258); *Ballou v. State,* 87 Ala. 144 (6 South. 393).

1. PEDDLERS: taxation.

The law as it existed prior to the act of the Thirtieth General Assembly did not have the interpretation clause which now appears therein. It simply provided that peddlers should pay a tax to be fixed by the board of supervisors. Defendant could not have been held under that law,

and, if he is to be held now, it is because of a change in the statute broadening its scope, so as to cover his acts.   Interpretation clauses in statutes are undoubtedly valid and controlling.  *State v. Schlenker,* 112 Iowa, 642; *Rossmiller v. State,* 114 Wis. 169 (89 N. W. 839, 58 L. R. A. 93, 91 Am. St. Rep. 910).   Indeed they are generally regarded as mandatory upon courts when construing the very act in which they are found.   So that we must now, in construing this statute, treat it as covering under the term "peddler" all transient merchants and "itinerant vendors [venders] selling by sample or by taking orders, whether for immediate or future delivery."   Defendant was not a transient merchant. Indeed he was not a merchant at all.   He was simply an agent or salesman, a soliciting agent, or commercial traveler, who took orders for goods.   He made no sales himself, and, although he delivered goods and collected pay therefor, he did nothing more in this respect than any carrier might do. *State v. Nelson,* 128 Iowa, 740.   Was he an itinerant vendor, selling by sample or by taking orders?   A vendor (vender) is one who transfers the exclusive right of possession of property, either his or that of another, for some pecuniary equivalent.   A soliciting agent who takes orders subject to the approval of his principal is not ordinarily regarded as a vendor.   While in some conflict, the weight of authority seems to support this proposition.   It would doubtless be competent for the Legislature to tax and license all soliciting agents if, in its wisdom, it saw fit to do so; but the act in question does not seem to cover them.

Assuming, however, for the purposes of the case, that defendant's conduct brings him within the prohibition of the act, as amended by the Legislature, it is argued that the act thus construed is unconstitutional and void, because the subject is not expressed in the title.   Section 29 of article 3 of the fundamental law provides that every act shall embrace but one subject, which subject shall be expressed in the title.   We

2. LEGISLATIVE ENACTMENTS: amendments: title.

have given the title of the act in question, and have seen it refers simply to peddlers. There is nothing in the title to indicate that a definition was to be given of the term and nothing to indicate that itinerant vendors selling by sample or by taking orders were to be included, or that they were required to take out licenses. The original act simply provided a tax upon peddlers, and there was no indication in the title of the subsequent one that itinerant vendors who sold by sample or for future delivery were to be included in the term "peddlers." Indeed, under all known definitions they are not so included. Under the title given the new act anything which was germane to the original act could undoubtedly be introduced. But it cannot in reason be said that the taxing of a new and independent occupation is germane to the original act. As said in *Beary v. Narrau,* 113 La. 1034 (37 South. 961): "Two subjects of legislation cannot be germane when it is necessary to change the meaning of words to place them in the same class or category and where provisions applicable to the one are incongruous when applied to the other." Even if the act be an amendment of a previous statute or Code provision, its scope should be limited to the subject-matter of the section proposed to be amended. As said by the Supreme Court of Louisiana: "In such a case the introduction of any new substantive matter not germane nor pertinent to that contained in the original sections cannot be regarded as an amendment thereto, but must be regarded as independent legislation upon a matter not expressed in the title of the act, and, therefore, void. The amendment of an act in general, or a particular section of an act, *ex vi termini* implies merely a change of its provisions upon the same subject to which the act or section relates." *State v. Sugar Refining Co.,* 106 La. 553 (31 South. 181).

If we could say that the definition given in the interpretation clause did not extend the act so as to embrace other and distinct occupations from those covered by the original

·act, we might sustain the provision and uphold the law. But it is very clear that a peddler and an itinerant vendor selling from samples or taking orders for present or future delivery are not the same.   Their occupations are entirely distinct, and the Legislature cannot, under the guise of definition, add a new class of persons who are to be subject to the tax without giving notice thereof through the title of the act. Our conclusion is directly supported by Beary v. Narrau, *supra*.  See, also, *Dolese v. Pierce,* 124 Ill. 140 (16 N. E. 218). Among the numerous cases which might be cited we call attention to the following as supporting our conclusions upon the whole case.   *State v. Ninestein,* 132 N. C. 1039 (43 S. E. 936) ; *Commonwealth v. Farnum* (114 Mass. 267) ; *Hewson v. Inhabitants,* 55 N. J. Sup. 522 (27 Atl. 904, 21 L. R. A. 736) ; *Davenport v. Rice,* 75 Iowa, 74 ; *State v. Smithhart,* 128 Iowa, 631 ; *Jewell v. Board,* 113 Iowa, 47 ; *Spencer v. Whiting,* 68 Iowa, 678 ; *City v. Heideman,* 119 Wis. 244 (96 N. W. 549) ; *Village v. Fisher,* 140 N. Y. 187 (35 ·N. E. 500) ;*Commonwealth v. Ober,* 12 Cush. (Mass.) 493 ; *Pegues v. Ray,* 50 La. 574 (23 South. 904) ; *City of Stuart v. Cunningham,* 88 Iowa, 191 ; *Emmons v. City,* 132 Ill. 380 (24 N. E. 58, 8 L. R. A. 328, 22 Am. St. Rep. 540) ; *Potts v. State,* 45 Tex. Cr. App. 45 (74 S. W. 31) ; *State v. Gibbs,* 115 N. C. 700 (20 S. E. 172).

The defendant was not shown to be guilty, and he should have been discharged.   The judgment is therefore *reversed.*