## STATE OF DELAWARE *vs.* LEONARD DRESSNER.

HAWKERS AND PEDDLERS—WHO ARE "PEDDLERS"—STATUTORY REGULA-TIONS—"PEDDLING".

An agent of a merchant having a permanent place of business in a town in the state, solicits orders for merchandise from various persons in another town, arid who forwards the orders to the merchant, who forwards the orders filled to the agent to distribute them to the purchasers at their residences and collects the price, is not a "peddler" within *Rev. Code* 1852, amended to 1893, *p.* 548, *c.* 68, § 3, defining a peddler to be a person who drives a vehicle from which personal property is retailed, or carries a pack from which personal property is retailed, and requiring a license from peddlers; the distinctive feature of "peddling" consisting in the fact that the peddler goes from house to house carrying his merchandise with him, and concurrently sells and delivers it.

(*February* 19, 1913.)

PENNEWILL, C. J., and CONRAD and WOOLLEY, J. J., sitting.

*W. Watson Harrington*, Deputy Attorney General, for the state.

*Robert H. Richards* and *Arley B. Magee* for the defendant.

Court of General Sessions, Kent County, February Term, 1913.

INDICTMENT (No. 7, July Term, 1912), for peddling without a license. Prosecution submitted to the court on an agreed state-ment of facts, which appear in the opinion of the court.

PENNEWILL, C. J., delivering the opinion of the court:

By agreement of the parties the above case was submitted to the court upon the following statement of facts, viz.:

"*First:* That at the July Term of the Court of General Sessions of the State of Delaware, in and for Kent County, A. D. 1912, an indictment was found against the said Leonard Dressner in the following words and figures, to wit: ·

" 'Kent County, ss.:　　　　　　　　　　　July Term, 1912.

" 'The Grand Inquest for the State of Delaware, and the body of Kent County, on their oath and affirmation respectively, do present, That Leonard Dressner, late of East Dover Hundred, in the County aforesaid, on the first day of July in the year of our Lord one thousand nine hundred and twelve, with force and arms at East Dover Hundred, in the County aforesaid, without having first obtained proper license for peddling according to law did then and there of his own proper authority unlawfully deal and traffic as a peddler against the form of the Act of the General Assembly in such case made and provided, and against the peace and dignity of the State.

" 'Andrew C. Gray, *Attorney General,*

" 'By Wm. Watson Harrington, *Dep'y Att'y Gen'l.*'

"*Second:* That on the first day of July, A. D. 1912, the said Leonard Dressner was in the employ of The Great Atlantic and Pacific Tea Company.

"*Third:* That the said The Great Atlantic and Pacific Tea Company was then engaged in the general mercantile business and dealt, amongst other things, in teas, coffees and other groceries; that it maintained a store or place of business in the City of Wilmington, New Castle County and State of Delaware; tnat the said The Great Atlantic and Pacific Tea Company was regularly licensed to do business by the Clerk of the Peace in and for New Castle County; that it was the duty of the said Leonard Dressner, in the course of his employment, and he did solicit orders for teas, coffees, etc., from various persons, at their residences, in the Town of Dover, Kent County, Delaware; that upon the receipt of such orders the said Leonard Dressner would forward such orders to the store of the said The Great Atlantic and Pacific Tea

Company, in Wilmington, Delaware, where such orders were either accepted or rejected; that if such orders, or any of them, were accepted by the said The Great Atlantic and Pacific Tea Company they were then filled at the said Wilmington store and such orders were made up in individual packages and the name of the purchaser marked thereon; that such packages, with the names of the respective purchasers marked thereon, were then forwarded to Dover, Delaware, to the said Leonard Dressner, the agent of the said The Great Atlantic and Pacific Tea Company, who would receive same and distribute same to and among the respective purchasers at their residences, and collect the price charged by the said The Great Atlantic and Pacific Tea Company therefor and remit said moneys to the said Company.

"*Fourth:* If the Court shall be of the opinion that the said acts of the said Leonard Dressner constitute the offence of peddling without a license within the meaning of the statutes of the. State of Delaware, then the said Leonard Dressner shall be found guilty of the offence charged, otherwise the said Leonard Dressner shall be found not guilty."

The indictment does not designate the particular statute or statutes alleged to have been violated, but we assume that it is founded upon *Section 3, Chapter* 68 of the *Revised Code* of 1893 because there does not appear to be any other statute upon which it could have been based.

The provisions of said section which are pertinent to this case are the following, viz.:

"Any person who shall drive a carriage, wagon, cart or other vehicle, from which personal property is retailed, or shall carry a pack from which personal property is retailed, shall be considered a peddler within the meaning of this section.

"A license procured under this section shall be in the name of such person.  *  *  *  Peddlers shall pay for such license as follows:  *  *  *  For a license to sell clocks, coffee or tea, fifty dollars in addition to the above license fees, and a special license to deal in those articles shall be issued to each peddler or driver of a vehicle, as above, who desires to sell such articles, or any of them."

The statute, it will be observed, defines the person who shall be regarded as a "peddler", as one who "shall drive a wagon, carriage or cart, or other vehicle, from which personal property is retailed, or shall carry a pack from which personal property is retailed."

According to the case stated the defendant, as agent, solicited orders for tea, coffee, etc., from various persons, at their residences, in Dover; that upon the receipt of such orders he forwarded them to the store of his principal, The Great Atlantic and Pacific Tea Company in Wilmington, where they were accepted or rejected; that such orders as were accepted by the said company were filled at the store in Wilmington, and after being made up in individual packages and the names of the purchasers marked thereon, were forwarded to the defendant at Dover; that the defendant after receiving the packages delivered the same to the respective purchasers at their residences, collected the price charged by the company therefor, and remitted the moneys to the company.

The question for determination, is whether the acts performed by the defendant, as the agent of the company, constituted him a peddler within the meaning of the law, and subject to the penalties imposed thereby.

The statute above mentioned is a very old one, and substantially the same as the act of 50 *Geo. III, c.* 31, which imposed a penalty on "any hawker, peddler, petty-chapman or any other trading person or persons going from town to town, or from other men's houses, and traveling either on foot or with horse or horses exposing to sale, or selling goods, wares or merchandise by retail."

*Bouvier's Law Dictionary* defines a peddler to be "A person who travels about the country with merchandise for the purpose of selling it."

It has been held by many courts in this country in construing statutes substantially similar to our own, that a peddler is an itinerant who has no permanent place of business, and who goes from place to place and from house to house exposing to sale the merchandise he carries; that he generally deals in such articles as he can conveniently carry in a cart or on his person. The

primary idea is that of a traveling trader who carries goods about in order to sell them, and who does actually sell them, in contradistinction to a trader who has goods for sale and sells them in a fixed place of business. *Commonwealth v. Farnum*, 114 *Mass.* 267; *In re Wilson*, 8 *Mackey* (*D. C.*) 341, 12 *L. R. A.* 624; *Commonwealth v. Ober*, 12 *Cush.* (*Mass.*) 493 (Chief Justice Shaw delivering the opinion); *Potts v. State*, 45 *Tex. Cr. R.* 45, 74 *S. W.* 31, 2 *Ann. Cas.* 827; *Brenner v. Commonwealth*, 9 *Ky. Law. Rep.* 289; *Hewson v. Englewood*, 55 *N. J. Law*, 522, 27 *Atl.* 904, 21 *L. R. A.* 736; *Stamford v. Fisher*, 140 *N. Y.* 187, 35 *N. E.* 500; *State v. Ninestein*, 132 *N. C.* 1039, 43 *S. E.* 936; *Commonwealth v. Eichenberg*, 140 *Pa.* 158, 21 *Atl.* 258; *Ballou v. State*, 87 *Ala.* 144, 6 *South.* 393; *Radebaugh v. Plain City*, 11 *Ohio Dec.* 612; *In re Flinn* (*C.C.*) 57 *Fed.* 496; *Emmons v. Lewistown*, 132 *Ill.* 380, 24 *N. E.* 58, 8 *L. R. A.* 328, 22 *Am. St. Rep.* 540; *Cerro Gordo v. Rawlings*, 135 *Ill.* 36, 25 *N. E.* 1006; *Spencer v. Whiting*, 68 *Iowa*, 678, 28 *N. W.* 13; *Davenport v. Rice*, 75 *Iowa*, 74, 39 *N. W.* 191, 9 *Am. St. Rep.* 454; *Commonwealth v. Jones*, 7 *Bush* (*Ky.*) 502; *St. Paul v. Briggs*, 85 *Minn.* 290, 88 *N. W.* 984, 89 *Am. St. Rep.* 554.

In *State v. Wells*, 69 *N. H.* 424, 45 *Atl.* 143, 48 *L. R. A.* 99, it was held that "the agent of a company having a permanent place of business within the state, who goes about from town to town soliciting orders and subsequently delivering goods, is not a hawker or peddler within the meaning of the statute in relation to hawkers and peddlers."

A similar decision was made in *Harkins v. State* (*Tex. Cr. App.*) 75 *S. W.* 26, the court saying, "A person acting as manufacturer's agent, taking orders for stoves to be shipped from the factory is not engaged in peddling stoves, within the statute."

To the same effect is *Wausau v. Heideman*, 119 *Wis.* 244, 96 *N. W.* 549, in which it was held that, "A municipal ordinance providing that 'no transient merchant, trader or dealer who shall bring into the city any goods, for the purpose of selling the same from house to house, shall be permitted to sell or expose for sale, barter or exchange by sample or otherwise, at retail or to customers, any such goods,' etc., without having first obtained a license therefor, is not applicable to a traveling agent for a mercantile

establishment located in another city, who carries with him no goods for sale but merely solicits orders by sample, to be filled, if accepted, out of the stock of his principal in the other city and sent to the purchaser by the ordinary methods of transportation."

One of the clearest and most satisfactory cases on the subject and in which the facts were strikingly similar to those in the present case is that of *The Great Atlantic and Pacific Tea Company v. Village of Tippecanoe*, 85 *Ohio St*. 120, 96 *N. E.* 1092, in which the court said:

"It (the company) has a fixed place from which it does business; does not carry about the merchandise which it offers for sale; it does not sell at the time it offers for sale; but enters into contracts for future sales; it does not carry on negotiations or any part of its business upon the streets, highways or public places, but at the residences of its customers. That these features broadly and substantially distinguish its business from that carried on by hawkers, peddlers and hucksters, is made clear by the dictionaries and the numerous cases cited in the briefs."

The question raised in that case, was whether the defendant, the agent of the company, was required to take out a license.

After a careful examination of the statutes of the different states respecting peddlers, which are very similar in their essential features; and an examination of the decisions based thereon, we are constrained to believe that the courts have been practically unanimous in holding that the doing of such things as the defendant in this case is alleged and admitted to have done, would not make one a peddler within the statutory meaning and intent. According to the authorities the distinctive feature of peddling "consists in the fact that the peddler goes from house to house or place to place *carrying his merchandise with him; and concurrently sells and delivers it*."

It is manifest that such is the meaning of the statute of this State, because in order that a person shall be considered a peddler, under its provisions, he must drive a vehicle, or carry a pack, from which personal property is retailed. It is not claimed by the State that this was done by the defendant; in fact it is admitted that the personal property was forwarded to the respective

purchasers by the company from its store in Wilmington, through the medium of the defendant, its agent, after he had taken the orders therefor and they had been accepted by the company.

We are clearly of the opinion that such acts did not constitute the offence of peddling without a license within the meaning of the statutes of the State of Delaware; and are convinced that such conclusion is fully supported by sound reason as well as authority.

Such being the opinion of the court, it is ordered, in conformity with paragraph four of the case stated, that the following entry be made in the case, viz.:

The defendant is found not guilty.